# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

STATE OF TEXAS,

*Plaintiff-Appellee*

v.

CENTER FOR BIOLOGICAL DIVERSITY,

*Appellant*

On Appeal from United States District Court for the Western District of Texas

7:24-cv-00233

## RECORD EXCERPTS
## OF APPELLANT CENTER FOR BIOLOGICAL DIVERSITY

SUBMITTED BY:

Lauren A. Parker (DC 1670885)
Jason C. Rylander (DC 474995)
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, DC 20005
*Counsel for Appellant*
*Center for Biological Diversity*

April 15, 2026

# Table of Contents

| Document | Record Citation | Tab |
|---|---|---|
| Docket Sheet - 7:24-CV-233 | ROA.1-7 | Tab 1 |
| Notice of Appeal (E-File | ROA.357-359 | Tab 2 |
| Order on Motion to Extend Scheduling Order Deadlines | ROA.228-230 | Tab 3 |
| Order on Motion to Intervene | ROA.347-356 | Tab 4 |
| Status Report | ROA.332-336 | Tab 5 |
| Status Report | ROA.339-344 | Tab 6 |
| Status Report | ROA.360-365 | Tab 7 |
| Motion to Intervene | ROA.233-260 | Tab 8 |
| Declarations | ROA.281-293 | Tab 9 |



**TAB 1**

# U.S. District Court [LIVE]
# Western District of Texas (Midland)
# CIVIL DOCKET FOR CASE #: 7:24-cv-00233-DC-RCG

State of Texas A.G.'s Office v. Haaland et al
Assigned to: Judge David Counts
Referred to: Judge Ronald C. Griffin
 Case in other court:  Fifth Circuit Court of Appeals, 25-51058
Cause: 05:551 Administrative Procedure Act

Date Filed: 09/23/2024
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**State of Texas A.G.'s Office**

represented by **Claudia Marissa Gutierrez**
Office of the Attorney General
Epd
300 W. 15th St.
Ste 10th Floor
Austin, TX 78701
512-970-5613
Email: claudia.gutierrez@oag.texas.gov
*ATTORNEY TO BE NOTICED*

**Jesse Clayton Smith**
Office of the Attorney General of Texas
P.O. Box 12548, MC-066
Austin, TX 78711-2548
512-970-9855
Email: clayton.smith@oag.texas.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Secretary Deb Haaland**

represented by **Angela Mo**
DOJ-Enrd
Environmental Enforcement Section
150 M Street, N.E
Room 2.900
Washington, DC 20002
202-353-5129
Email: angela.mo@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Natashia Denise Hines**
U.S. Attorney's Office, Western District of
Texas
700 E. San Antonio Ave., Suite 200

El Paso, TX 79901
915-534-6884
Email: natashia.hines@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Astrid Stuth Cevallos**
DOJ-Enrd
Enrd
150 M St NE
Washington, DC 20002
202-305-5751
Email: astrid.cevallos@usdoj.gov
*TERMINATED: 04/08/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **U.S. Fish and Wildlife Service** | represented by | **Angela Mo** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Natashia Denise Hines**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Astrid Stuth Cevallos**
(See above for address)
*TERMINATED: 04/08/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Director Martha Williams** | represented by | **Angela Mo** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Natashia Denise Hines**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Astrid Stuth Cevallos**
(See above for address)
*TERMINATED: 04/08/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **U.S. Department of the Interior** | represented by | **Angela Mo** |

(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Natashia Denise Hines**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Astrid Stuth Cevallos**
(See above for address)
*TERMINATED: 04/08/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Center for Biological Diversity** | represented by | **Lauren Parker** |

Center for Biological Diversity
1411 K Street NW
Washington, DC 20005
202-868-1008
Email: lparker@biologicaldiversity.org
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

| | | |
|---|---|---|
| **Center for Biological Diversity**<br>*TERMINATED: 11/26/2025* | represented by | **Colin Scott Cox** |

Environmental Integrity Project
1206 San Antonio St.
Austin, TX 78701
832-316-0580
Fax: 737-232-6297
Email: ccox@biologicaldiversity.org
*ATTORNEY TO BE NOTICED*

**Jason C. Rylander**
Center for Biological Diversity
Climate Law Institute
1411 K St. NW, Suite 1300
Washington, DC 20005
202-744-2244
Email: jrylander@biologicaldiversity.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren Parker**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2024 | 1 (p.8) | COMPLAINT ( Filing fee $ 405 receipt number ATXWDC-19258238), filed by State of Texas A.G.'s Office. (Attachments: # 1 (p.8) Exhibit 1, # 2 (p.128) Exhibit 2, # 3 (p.152) Exhibit 3, # 4 (p.176) Exhibit 4, # 5 (p.177) Exhibit 5, # 6 (p.180) Exhibit 6, # |

| | | |
|---|---|---|
| | | 7 (p.181) Exhibit 7, # 8 (p.201) Civil Cover Sheet With Attachment)(Smith, Jesse) (Entered: 09/23/2024) |
| 09/23/2024 | 2 (p.128) | REQUEST FOR ISSUANCE OF SUMMONS by State of Texas A.G.'s Office. (Smith, Jesse) (Entered: 09/23/2024) |
| 09/23/2024 | | Case assigned to Judge David Counts and Judge Ronald C. Griffin. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (jb3) (Entered: 09/23/2024) |
| 09/23/2024 | 3 (p.152) | Summons Issued as to All Defendants. (jb3) (Entered: 09/23/2024) |
| 09/25/2024 | 4 (p.176) | Pro Hac Vice Letter to attorney **Claudia Gutierrez** (jb3) (Entered: 09/25/2024) |
| 10/21/2024 | 5 (p.177) | NOTICE of Attorney Appearance by Angela Mo on behalf of Deb Haaland, U.S. Department of the Interior, U.S. Fish and Wildlife Service, Martha Williams. Attorney Angela Mo added to party Deb Haaland(pty:dft), Attorney Angela Mo added to party U.S. Department of the Interior(pty:dft), Attorney Angela Mo added to party U.S. Fish and Wildlife Service(pty:dft), Attorney Angela Mo added to party Martha Williams(pty:dft) (Mo, Angela) (Entered: 10/21/2024) |
| 11/04/2024 | 6 (p.180) | NOTICE of Attorney Appearance by Astrid Stuth Cevallos on behalf of Deb Haaland, U.S. Department of the Interior, U.S. Fish and Wildlife Service, Martha Williams. Attorney Astrid Stuth Cevallos added to party Deb Haaland(pty:dft), Attorney Astrid Stuth Cevallos added to party U.S. Department of the Interior(pty:dft), Attorney Astrid Stuth Cevallos added to party U.S. Fish and Wildlife Service(pty:dft), Attorney Astrid Stuth Cevallos added to party Martha Williams(pty:dft) (Cevallos, Astrid) (Entered: 11/04/2024) |
| 11/25/2024 | 7 (p.181) | *DEFENDANTS'* ANSWER to 1 (p.8) Complaint, by Deb Haaland, U.S. Fish and Wildlife Service, Martha Williams, U.S. Department of the Interior.(Mo, Angela) (Entered: 11/25/2024) |
| 11/26/2024 | 8 (p.201) | Order for Scheduling Recommendations/Proposed Scheduling Order. Scheduling recommendations/proposed scheduling order due to the Court within thirty (30) days after the appearance of any defendant. Signed by Judge David Counts. (slt) (Entered: 11/26/2024) |
| 11/26/2024 | 9 (p.205) | ORDER AND ADVISORY. Signed by Judge David Counts. (slt) (Entered: 11/26/2024) |
| 12/20/2024 | 10 (p.207) | NOTICE of Attorney Appearance by Claudia Marissa Gutierrez on behalf of State of Texas A.G.'s Office. Attorney Claudia Marissa Gutierrez added to party State of Texas A.G.'s Office(pty:pla) (Gutierrez, Claudia) (Entered: 12/20/2024) |
| 12/23/2024 | 11 (p.208) | NON-CONSENT to Trial by US Magistrate Judge by State of Texas A.G.'s Office. (Smith, Jesse) (Entered: 12/23/2024) |
| 12/26/2024 | 12 (p.209) | NON-CONSENT to Trial by US Magistrate Judge by Deb Haaland, U.S. Fish and Wildlife Service, Martha Williams, U.S. Department of the Interior. (Mo, Angela) (Entered: 12/26/2024) |
| 12/26/2024 | 13 (p.210) | Scheduling Recommendations *of the Parties* by Deb Haaland, U.S. Fish and Wildlife Service, Martha Williams, U.S. Department of the Interior. (Mo, Angela) (Entered: |

| | | |
|---|---|---|
| | | 12/26/2024) |
| 01/03/2025 | 14 (p.219) | SCHEDULING ORDER. Signed by Judge David Counts. (jb3) (Entered: 01/03/2025) |
| 02/21/2025 | 15 (p.222) | Agreed MOTION to Extend Scheduling Order Deadlines by Deb Haaland, U.S. Department of the Interior, U.S. Fish and Wildlife Service, Martha Williams. (Attachments: # 1 (p.8) Proposed Order). Motions referred to Judge Ronald C. Griffin. (Mo, Angela) (Entered: 02/21/2025) |
| 02/24/2025 | 16 (p.228) | ORDER GRANTING 15 (p.222) Motion to Extend Scheduling Order Deadlines. Signed by Judge David Counts. (jb3) (Entered: 02/24/2025) |
| 03/11/2025 | 17 (p.231) | NOTICE of Attorney Appearance by Colin Scott Cox on behalf of Center for Biological Diversity. Attorney Colin Scott Cox added to party Center for Biological Diversity(pty:intvd) (Cox, Colin) (Entered: 03/11/2025) |
| 03/13/2025 | 18 (p.233) | MOTION to Intervene by Center for Biological Diversity. (Attachments: # 1 (p.8) Proposed Answer, # 2 (p.128) Declarations, # 3 (p.152) Proposed Order). Motions referred to Judge Ronald C. Griffin. (jb3) (Entered: 03/14/2025) |
| 03/14/2025 | 19 (p.295) | MOTION to Appear Pro Hac Vice by Colin Scott Cox ( Filing fee $ 100 receipt number ATXWDC-19916353) by on behalf of Center for Biological Diversity.. Motions referred to Judge Ronald C. Griffin. (Cox, Colin) (Entered: 03/14/2025) |
| 03/14/2025 | 20 (p.300) | MOTION to Appear Pro Hac Vice by Colin Scott Cox ( Filing fee $ 100 receipt number ATXWDC-19916464) by on behalf of Center for Biological Diversity. (Attachments: # 1 (p.8) Affidavit Declaration of Jason C. Rylander). Motions referred to Judge Ronald C. Griffin. (Cox, Colin) (Entered: 03/14/2025) |
| 03/17/2025 | | Text Order GRANTING 19 (p.295) Lauren A. Parker's Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice Pro Hac Vice in this case must register for electronic filing with our Court within 10 days of this Order. Registration is managed by the PACER Service Center. It is further ORDERED that if Ms. Parker has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Court Rule AT-1(f)(2). Entered by Judge Ronald C. Griffin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (db) (Entered: 03/17/2025) |
| 03/17/2025 | | Text Order GRANTING 20 (p.300) Jason C. Rylander's Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice Pro Hac Vice in this case must register for electronic filing with our Court within 10 days of this Order. Registration is managed by the PACER Service Center. It is further ORDERED that if Mr. Rylander has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Court Rule AT-1(f)(2). Entered by Judge Ronald C. Griffin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (db) (Entered: 03/17/2025) |
| 03/28/2025 | 21 (p.308) | RESPONSE to Motion, filed by Deb Haaland, U.S. Department of the Interior, U.S. Fish and Wildlife Service, Martha Williams, re 18 (p.233) MOTION to Intervene filed by Intervenor Defendant Center for Biological Diversity (Mo, Angela) (Entered: 03/28/2025) |
| 04/08/2025 | | |

| | 22 (p.312) | NOTICE *of Withdrawal of Counsel* by Deb Haaland, U.S. Department of the Interior, U.S. Fish and Wildlife Service, Martha Williams (Cevallos, Astrid) (Entered: 04/08/2025) |
|---|---|---|
| 05/29/2025 | 23 (p.315) | Agreed MOTION to Extend Scheduling Order Deadlines by State of Texas A.G.'s Office. (Attachments: # 1 (p.8) Proposed Order Granting Second Agreed Motion to Extend Scheduling Order Deadlines). Motions referred to Judge Ronald C. Griffin. (Smith, Jesse) (Entered: 05/29/2025) |
| 05/30/2025 | 24 (p.323) | ORDER GRANTING 23 (p.315) Motion to Extend Scheduling Order Deadlines. Signed by Judge David Counts. (llc) (Entered: 05/30/2025) |
| 07/02/2025 | 25 (p.326) | Joint MOTION to Stay Case *for 90 Days* by Deb Haaland, U.S. Department of the Interior, U.S. Fish and Wildlife Service, Martha Williams. (Attachments: # 1 (p.8) Proposed Order). Motions referred to Judge Ronald C. Griffin. (Mo, Angela) (Entered: 07/02/2025) |
| 07/07/2025 | | Text Order GRANTING 25 (p.326) Motion to Stay Case entered by Judge David Counts. Having considered the Parties Joint Motion to Stay Litigation for 90 Days, and for good cause shown, IT IS ORDERED THAT: 1. The Joint Motion to Stay Litigation for 90 Days is GRANTED. All proceedings in this case are stayed through September 29, 2025. 2. No later than seven days before the close of the stay, the Parties shall file a joint status report informing the Court of whether they seek a continuance of the stay and, if applicable, proposing recommendations for a new scheduling order. (This is a text-only entry generated by the court. There is no document associated with this entry.) (NAK) (Entered: 07/07/2025) |
| 09/10/2025 | 26 (p.332) | STATUS REPORT *by Parties and Request to Continue Stay of Litigation for 60 Days* by Deb Haaland, U.S. Department of the Interior, U.S. Fish and Wildlife Service, Martha Williams. (Attachments: # 1 (p.8) Proposed Order)(Mo, Angela) (Entered: 09/10/2025) |
| 09/11/2025 | 27 (p.338) | ORDER CONTINUING STAY OF LITIGATION FOR 60 DAYS. Signed by Judge David Counts. (ktm) (Entered: 09/11/2025) |
| 11/21/2025 | 28 (p.339) | STATUS REPORT *and Request to Continue Stay of Litigation* by Deb Haaland, U.S. Department of the Interior, U.S. Fish and Wildlife Service, Martha Williams. (Attachments: # 1 (p.8) Proposed Order)(Mo, Angela) (Entered: 11/21/2025) |
| 11/24/2025 | 29 (p.346) | ORDER CONTINUING STAY OF LITIGATION. Signed by Judge David Counts. (jb3) (Entered: 11/24/2025) |
| 11/26/2025 | 30 (p.347) | ORDER DENYING 18 (p.233) Motion to Intervene. Signed by Judge David Counts. (kg) (Entered: 11/26/2025) |
| 12/16/2025 | 31 (p.357) | Appeal of Order entered by District Judge 30 (p.347) by Center for Biological Diversity. ( Filing fee $ 605 receipt number ATXWDC-21106527) (Parker, Lauren) (Entered: 12/16/2025) |
| 12/16/2025 | | NOTICE OF APPEAL following 31 (p.357) Notice of Appeal (E-Filed) by Center for Biological Diversity. Filing fee $605, receipt number ATXWDC-21106527. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a (Transcript Order) and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (slt) (Entered: 12/23/2025) |

| | | |
|---|---|---|
| 12/19/2025 | 32 (p.360) | STATUS REPORT *and Request to Continue Stay of Litigation* by Deb Haaland, U.S. Department of the Interior, U.S. Fish and Wildlife Service, Martha Williams. (Attachments: # 1 (p.8) Proposed Order)(Mo, Angela) (Entered: 12/19/2025) |
| 12/22/2025 | 33 (p.367) | ORDER CONTINUING STAY OF LITIGATION. Signed by Judge David Counts. (ktm) (Entered: 12/22/2025) |
| 12/29/2025 | 34 (p.368) | TRANSCRIPT REQUEST by Center for Biological Diversity. (Parker, Lauren) (Entered: 12/29/2025) |


**TAB 2**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

STATE OF TEXAS,

     *Plaintiff,*

v.

U.S. DEPARTMENT OF THE INTERIOR, et al.

     *Defendants*.

Civil Action No. 7:24-cv-00233-DC

**NOTICE OF APPEAL**

The Center for Biological Diversity appeals this Court's Order of November 26, 2025, denying the Center's motion to intervene in defense of the dunes sagebrush lizard final rule, to the United States Court of Appeals for the Fifth Circuit. *See* Order Denying Motion to Intervene, ECF No 30.

This interlocutory appeal concerns substantially similar issues as those raised in State of Texas v. DOI 25-50747 appealing the denial of the Center's motion to intervene in defense of the lesser prairie chicken final rule. Because both appeals challenge intervention denials from the same judge and arising from similar proceedings, the issues presented in this appeal overlap with those currently before the U.S. Court of Appeals for the Fifth Circuit in Case No. 25-50747.

The order denying intervention is immediately appealable as of right under Federal Rule of Civil Procedure 24 and 28 U.S.C. § 1291, which recognizes a denial of intervention as a final, appealable order with respect to the proposed intervenor.

DATED: December 16, 2025             Respectfully submitted,

25-51058.357

CENTER FOR BIOLOGICAL DIVERSITY

By: */s/ Lauren A. Parker*_____

LAUREN A. PARKER (*Pro hac vice*)
1411 K Street NW
Washington, DC 20005
Tel: (202) 961-4820

JASON C. RYLANDER (*Pro hac vice*)
1411 K Street NW, Suite 1300
Washington, DC 20005
Tel: (202) 744-2244

IRVINE & CONNER PLLC

CHARLES IRVINE
Texas Bar No. 24055716
charles@irvineconner.com
4709 Austin St.
Houston, Texas 77004
Tel: (713) 533-1704

*Attorneys for Appellant-Proposed
Defendant-Intervenor Center for Biological
Diversity*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2025, I electronically filed the foregoing Notice of Appeal with the Clerk of the Court for the United States District Court for the Western District of Texas by using the CM/ECF system, which will serve a copy of the same on the counsel of record.


/s/ *Lauren A. Parker*

LAUREN A. PARKER
*Attorney for Appellants- Proposed Defendant-Intervenor*

**TAB 3**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **STATE OF TEXAS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No.  MO:24-CV-00233-DC** |
| | § | |
| **U.S. DEPARTMENT OF THE** | § | |
| **INTERIOR, ET AL.,** | § | |
| *Defendants.* | § | |

AMENDED
SCHEDULING ORDER

BEFORE the Court is the Parties' Agreed Motion to AMEND the Scheduling Order. The Court GRANTS the Parties' Motion and AMENDS its Scheduling Order as follows:

**In lieu of a report on alternative dispute solution, the parties are ordered to mediate this case in compliance with Local Rule CV-88 on or before thirty (30) days prior to the date of the final pretrial conference. The parties must also ensure the provider files a notice of outcome in compliance with Local Rule CV-88(g) within five (5) days of the mediation.**

1.      The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by **Monday, March 22, 2025**, and each opposing party shall respond, in writing, by **Wednesday, April 21, 2025.**

2.      The parties shall file all motions to amend or supplement pleadings or to join additional parties by **Friday, June 11, 2025**. If Plaintiff amends its Complaint to add additional claims, Defendants reserve the right to supplement or amend the Administrative Record. Defendants agree to confer with Plaintiff before do so.

**Administrative Record**

3.      Defendants shall assemble a provisional Administrative Record and transmit a copy to Plaintiff no later than bu.

4.      Plaintiff shall identify to Defendants, in writing, any issues regarding the provisional Administrative Record no later than **Friday, May 28, 2025**.

5.      The Parties shall meet and confer, by phone or videoconference, regarding administrative record issues by **Friday, June 11, 2025**.

25-51058.228

6.      By **Friday, July 9, 2025**, Defendants shall transmit to Plaintiffs and lodge with the Court (1) the entire Administrative Record in this case and (2) an affidavit authenticating the Administrative Record, detailing the process and procedure by which the Administrative Record was collected, and certifying its completeness.

7.      Plaintiff shall file any objections or motions to complete or supplement or amend the Administrative Record no later than **Friday, August 13, 2025**. If Plaintiff believes discovery is needed to supplement or amend the Administrative Record, it shall file a motion for leave to do so by this date with a copy of the specific discovery sought. Defendants maintain that the scope of review for all claims in this case is confined to the Administrative Record and reserve all rights to oppose any motion seeking discovery. Any disputes regarding the sufficiency, scope, or content of the Administrative Record or the supplementation of the same or regarding discovery not raised during consultation of the Parties, if practicable, and by objection or motion on or before **Friday, August 13, 2025**, will be deemed to have been waived. Defendants shall file their response to Plaintiff's objections or motions no later than **Friday, September 10, 2025**. Plaintiff shall file its reply in support of its objections or motions no later than **Friday, October 1, 2025**.

8.      The filing of any objection or motion to complete or supplement the Administrative Record or motion for leave to conduct discovery will vacate any deadlines set for briefing cross-motions for summary judgment. Within 14 days of either (i) the date the Court resolves Plaintiff's motion on the Administrative Record or (ii) the date the Defendants lodge an updated Administrative Record as ordered by the Court to resolve Plaintiff's motion on the Administrative Record, whichever is latest, the Parties will propose a new schedule for briefing cross-motions for summary judgment.

**Cross-Motions for Summary Judgment**

13.      If Plaintiff does not file a motion on the Administrative Record by **August 13, 2025**, the Parties shall adhere to the following dispositive briefing schedule:

a. Plaintiff shall file its motion for summary judgment no later than **September 17, 2025**. Such brief shall be limited to 35 pages.

b. Defendants shall file their combined cross-motion for summary judgment and response to Plaintiff's motion no later than **Novmeber 12, 2025**. Such brief shall be limited to 45 pages. Parties' Scheduling Recommendations 5

c. Plaintiff shall file its combined reply in support of its motion and response to Defendants' cross-motion no later than **December 17, 2025**. Such brief shall be limited to 40 pages.

d. Defendants shall file their reply in support of their cross-motion for summary judgment no later than **January 14, 2026**. Such brief shall be limited to 30 pages.

It is so **ORDERED**.

SIGNED this 24th day of February, 2025.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

25-51058.230



**TAB 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

STATE OF TEXAS A.G.'S OFFICE,
*Plaintiff*

v.

SECRETARY DEB HAALAND,
U.S. FISH AND WILDLIFE
SERVICE, DIRECTOR MARTHA
WILLIAMS, U.S. DEPARTMENT
OF THE INTERIOR,
*Defendants*

§
§
§
§
§
§
§
§
§
§
§
§
§

MO:24-CV-00233-DC

## ORDER

Before the Court is Intervenor-Defendant Center for Biological Diversity's ("CBD") Motion to Intervene.[1] CBD moves to intervene in the present action as a matter of right under Rule 24(a) or, in the alternative, permissively under Rule 24(b). Defendants and Plaintiff take no position on Intervenor Defendant's motion.[2] After considering Intervenor-Defendant's Motion and Defendants' Response, the Court **DENIES** CBD's Motion to Intervene.

## FACTUAL BACKGROUND

The present motion arises in the context of a law suit between Plaintiff State of Texas and the United States Department of the Interior, Debra Haaland in her official capacity as Secretary of the Interior, the United States Fish and Wildlife Service, and Martha Williams in her official capacity as Director of the United States Fish and Wildlife Service, Defendants,

---

[1] Doc. 18.
[2] *Id.*; Doc. 21.

25-51058.347

for violations of the Administrative Procedure Act ("APA") and the Endangered Species Act ("ESA").

In the underlying suit, Plaintiff challenges the legality of the final administrative rule entitled "Endangered and Threatened Wildlife and Plants; Endangered Species Status for the Dunes Sagebrush Lizard" ("Final Rule"). Specifically, Texas alleges that the United States Fish and Wildlife Service ("the Service") failed to rely on the best scientific evidence when it designated the dunes sagebrush lizard as endangered and failed to adequately consider existing voluntary conservation efforts in place to protect the dunes sagebrush lizard. Furthermore, Texas challenges the vagueness of the Final Rule.

Intervenor Center for Biological Diversity's ("CBD") filed a motion to intervene as a matter of right, or alternatively through permissive intervention, on the basis that it believes that its interests, and those of its members, are not adequately represented by the current parties. CBD seeks to intervene as a defendant in this case to uphold the Final Rule and preserve the dunes sagebrush lizard's endangered designation.

The present case has been stayed since June 7, 2025 to allow the current parties to negotiate in good faith without further litigation.

## **LEGAL STANDARD**

Rule 24(a) of the Federal Rules of Civil Procedure require the Court to permit anyone to intervene who:

> claims an interest relating to the property or transaction that is the subject of
> the action, and is so situated that disposing of the action may as a practical

25-51058.348

matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[3] Stated differently, Rule 24(a)(2) has four requirements: "(1) the applicant must file a timely application; (2) the applicant must claim an interest in the subject matter of the action; (3) the applicant must show that disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the litigation."[4] Generally, federal courts should permit intervention where "no one would be hurt and the greater justice could be attained."[5]

Alternatively, a third-party may seek intervention through Rule 24(b) using permissive intervention. Under this rule, the Court may permit intervention to anyone that files a timely motion and who "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact."[6] However, permissive intervention is "wholly discretionary" and the Court may deny intervention "even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied."[7]

## ANALYSIS

CBD moves to intervene as a matter of right or, in the alternative, permissively. Generally, federal courts should permit intervention where "no one would be hurt and the

---

[3] Fed. R. Civ. Pro. R. 24(a)(2).

[4] *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 422 (5th Cir. 2002) (quotation removed).

[5] *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

[6] Fed. R. Civ. Pro. 24(b).

[7] *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984).

3

25-51058.349

greater justice could be attained."[8] However, Intervenor Defendant fails to sufficiently demonstrate that its interests are inadequately represented or how greater justice could be obtained by its intervention into this case.

## I.    CBD is not Entitled to Intervene as a Matter of Right

CBD claims a right to intervene stemming from its members' interests in the dunes sagebrush lizard and the organization's two decades-long effort to achieve endangered status for the dunes sagebrush lizard.[9] To have a right to intervene, the intervenor must satisfy all four elements under Rule 24(a).[10] The Court assumes, without deciding, that CBD may have a sufficient interest in the litigation that might be impaired by the disposition of the action, however, the proposed intervenor fails to establish the inadequacy of the parties. Each element must be satisfied and because intervenor fails to establish inadequate representation the Court need not reach the other elements.

The intervenor bears the burden to demonstrate that the current parties to the suit may not adequately represent the applicant's interest.[11] Normally, this burden is "minimal" as the applicant need only show that the current representation "may be inadequate."[12] However, the Fifth circuit has recognized two presumptions of adequate representation that elevate the minimal showing and give this requirement "some teeth."[13] These presumptions arise when (1) the intervenor "has the same

---

[8] *Sierra Club*, 18 F.3d at 1205.

[9] Doc. 18.

[10] *Heaton*, 297 F.3d at 422–23.

[11] *Sierra Club*, 18 F.3d at 1207; *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996).

[12] *Edwards*, 78 F.3d at 1005 (quotation removed).

[13] *Louisiana v. Burgum*, 132 F.4th 918, 922 (5th Cir. 2025); *Veasey v. Perry*, 577 F. App'x 261, 263 (5th Cir. 2014).

25-51058.350

ultimate objective as a party to the lawsuit" or (2) the existing party "is a governmental body or officer charged by law with representing the interests of the movant."[14]

If the first presumption applies, the intervenor must show "adversity of interest, collusion, or nonfeasance on the part of the existing party."[15] Adversity of interest exists where the intervenor's interests "diverge from the putative representative's interests in a manner germane to the case."[16]  A "mere possibility that a party *may* at some future time" have divergent interests is insufficient to overcome the presumption.[17]

The second presumption applies if "the putative representative is a governmental body or officer charged by law with representing the interests of the [intervenor]."[18] A movant may overcome this presumption "by showing that the intervenor's 'interest is in fact different from that of the' governmental party 'and that the interest will not be represented by' the existing governmental party."[19]

The present case bears persuasive resemblance to *Louisiana v. Burgum* and the intervenor in the present case suffers from the same deficiencies as the intervenor in the case. In *Burgum*, an oil industry group sought intervention to defend a Bureau of

---

[14] *Burgum*, 132 F.4th at 922 (quotation removed).

[15] *Edwards*, 78 F.3d at 1005.

[16] *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (quoting *Texas v. United States*, 805 F.3d at 662).

[17] *Bush v. Viterna*, 740 F.2d 350, 358 (5th Cir. 1984) (emphasis in original).

[18] *Id.*

[19] *Burgum*, 132 F.4th at 922–23 (quoting *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 308 (5th Cir. 2022).

25-51058.351

Ocean Energy Management ("BOEM") administrative rule.[20] To support its intervention, the group argued that BOEM was inadequate to represent its interests because it "represents the public interests of a federal government agency, but not the specific, private interests of [the group] and its members."[21] In that case, the Secretary of the Interior had ordered the administrative rule be "suspend[ed], revise[d], or rescind[ed]."[22]  The Fifth Circuit held that the group failed to overcome the first presumption because it only demonstrated "'the mere possibility that [BOEM] *may* at some future time' diverge, [so] it [did] not rebut the first presumption of adequate representation."[23] The group "did not discuss any action taken by BOEM that is adverse to its own interest"[24]

Intervenor CBD fails to overcome this first presumption. CBD seeks to intervene as a defendant to uphold the Final Rule and maintain the dunes sagebrush lizard's endangered status.  This is the identical objective of the current defendants in the case. Here, just as the intervenor in *Burgum*, CBD asserts that the government defendants "must balance multiple interests and stakeholders"[25] CBD goes further to argue that their interests and the government's interests diverge because President Trump "directed the federal agencies to 'identify obstacles to domestic energy infrastructure specifically deriving from implementation of the ESA or the Marine Mammal Protection Act, to include regulatory reform efforts, species listings, and

---

[20] *Id.* at 920–21.
[21] *Id.* at 922–23.
[22] *Id.* at 921.
[23] *Id.* at 923.
[24] *Id.*
[25] Doc. 18.

25-51058.352

other related matters.'"[26] Finally, as in *Burgum*, CBD sites to orders by the Secretary of the Interior which call for the agency to review regulations to determine whether it should "suspend[ed], revise[d], or rescind[ed]" existing regulations, including those granting endangered species status.[27]

Just as the factual basis of this motion to intervene is similar to that in *Burgum*, so too is the motion's fate. The intervenor has achieved nothing more than asserted a mere possibility" that the interests of the current defendants "*may* at some future time diverge."[28] The Fifth Circuit in *Burgum* plainly established that the Secretary of the Interior's orders to "suspend[ed], revise[d], or rescind[ed]" a regulation are insufficient to overcome the presumption of adequate representation. Further, CBD's reliance on President Trump's policy statements promoting American energy does nothing to make the evidence any more convincing of anything beyond a "mere possibility" of divergent interests at some point in the future. Intervenor even states that "[t]o [their] knowledge, President Trump has not made specific comments about the dunes sagebrush lizard."[29] Intervenor cannot "point[ ] to *specific conduct* showing that the party at issue inadequately represented [their] interests." [30] The presumption

---

[26] Doc. 18.

[27] Doc. 18; *see e.g.* Secretary order 3418 § 4(b) ("all Assistant Secretaries should include in the plan required by this section, steps that, as appropriate, will be taken to suspend, revise, or rescind documents, including but not limited to . . . 'Endangered and Threatened Wildlife and Plants; Listing Endangered and Threatened Species and Designating Critical Habitat,' 89 Fed. Reg. 23919.").

[28] *Burgum*, 132 F.4th at 922 (quoting *Bush*, 740 F.2d at 358) (emphasis original).

[29] Doc. 18.

[30] *Burgum*, 132 F.4th at 923.

25-51058.353

of adequate representation holds fast and the Intervenor's motion to intervene as a matter of right fails.

## II.    Permissive Intervention is Denied

If the Court denies mandatory intervention, CBD requests that the Court grant CBD's motion for permissive intervention. As previously stated, there must be a timely motion to intervene, and the movant must share a common question of law or fact with the main action.[31] Timeliness is not an issue in the present case. Despite the motion being filed nearly six months after the main action commenced it still came early in the litigation. The motion was filed prior to the deadline for the addition of new parties to the case,[32] the administrative record has not been filed, and the case is presently stayed while the current parties negotiate. Furthermore, there can be no doubt that the intervenor shares a common question of law or fact as the main action.

However, permissive intervention is wholly discretionary "even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." When considering permissive intervention, the Court should still consider adequacy of the current representation. Denial of permissive intervention where the intervenor's interests are already adequately represented and the intervenor would not "significantly contribute to the development of the factual issues" is proper.[33]

The Court is unconvinced that greater justice could be obtained by the addition of CBD. As this Court has already discussed, CBD has not demonstrated that the current

---

[31] Fed. R. Civ. Pro. 24(b).

[32] *Bush*, 740 F.2d at 359.

[33] *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

25-51058.354

parties do not adequately represent its interests and merely underscores the issues already raised by the current parties. The analysis then must turn to whether CBD will be able to "significantly contribute to the development of the factual issues."[34] CBD cannot. This case is an Administrative Procedure Act challenge to an agency rule. Therefore, judicial review is restricted to the administrative record. CBD can do nothing to "significantly contribute to the development of the factual issue" because the Court may only consult the administrative record. The addition of CBD would achieve no greater justice.[35] Therefore, in its discretion, the Court denies permissive intervention.[36]

---

[34] *Id.*

[35] *Bush*, 740 F,2d at 359 ("'It is easy enough to see what are the arguments against intervention where, as here, the intervenor merely underlines issues of law already raised by the primary parties. Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair. Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." (quoting *Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.,* 51 F.Supp. 972, 973 (D.Mass.1943)).

[36] *Purl v. United States Dep't of Health & Hum. Servs.,* 349 F.R.D. 526 (N.D. Tex. 2025) (citing *League of United Latin Am. Citizens*, 884 F.2d at 189) ("A district court does not abuse its discretion if it finds that the movant's interests are adequately represented, and the movant would not "significantly contribute to the development of the factual issues.").

25-51058.355

## **CONCLUSION**

Defendant-Intervenor filed a motion to intervene as a matter of right or, alternatively, permissively.[37] Having reviewed the motion, the Court **DENIES** Center for Biological Diversity's motion to intervene.

It is so **ORDERED.**

SIGNED this 26th day of November, 2025.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

---

[37] Doc. 18.

25-51058.356

**TAB 5**

KEN PAXTON, Attorney General of Texas
BRENT WEBSTER, First Assistant Attorney General
RALPH MOLINA, Deputy First Assistant Attorney General
AUSTIN KINGHORN, Deputy Attorney General for Civil Litigation
KELLIE E. BILLINGS-RAY, Chief, Environmental Protection Division
CLAYTON SMITH, Assistant Attorney General (State Bar No. 24091234)
CLAUDIA GUTIERREZ, Assistant Attorney General (State Bar No. 24140101)
Office of the Attorney General
Environmental Protection Division
P. O. Box 12548, MC-066
Austin, Texas 78711-2548
Tel:    (512) 970-9855
Fax:    (512) 320-0911
*Counsel for State of Texas, Plaintiff*

ADAM R.F. GUSTAFSON, Acting Assistant Attorney General
NICOLE M. SMITH, Assistant Section Chief
ANGELA MO, Trial Attorney (Cal. Bar No. 262113)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel:    (202) 353-5129
Email: angela.mo@usdoj.gov
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| STATE OF TEXAS, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| | ) Case No. 7:24-CV-00233-DC-RCG |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF THE | ) **JOINT STATUS REPORT AND** |
| INTERIOR, ET AL., | ) **REQUEST TO CONTINUE STAY OF** |
| | ) **LITIGATION FOR 60 DAYS** |
| *Defendants*. | ) |
| | ) |

Pursuant to the Court's July 7, 2025 order, the Parties—the State of Texas; the U.S.

Department of the Interior; the U.S. Fish and Wildlife Service; Doug Burgum, in his official

Joint Status Report and Request to Continue Stay

1

25-51058.332

capacity as Secretary of the Interior; and Brian Nesvik, in his official capacity as Director of the U.S. Fish and Wildlife Service[1]—hereby submit this Joint Status Report and respectfully request to continue the current stay of the above-captioned litigation for approximately 60 additional days, through **December 5, 2025**.[2]

The Parties previously jointly moved the Court to stay the litigation for approximately 90 days to allow the Parties to explore options for resolving this case without further litigation, while conserving the time and resources of the Parties and the Court. (Dkt. No. 25.) On July 7, 2025, the Court granted the Parties' joint motion, staying all proceedings in the case through September 29, 2025, and ordering the Parties to file a joint status report no later than seven days before the close of the stay that informs the Court of whether they seek a continuance of the stay and, if applicable, proposing recommendations for a new scheduling order. (July 7, 2025 Text Order.)

The Parties now report to the Court that they have been actively engaged in good-faith discussions and have made progress towards a possible resolution of this case without further litigation. However, the Parties estimate that more time is needed to continue and conclude these discussions. For these reasons, the Parties request an approximately 60-day continuance of the current stay of litigation.

The Court has broad discretion to stay the litigation under its inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (recognizing court has "broad discretion to stay proceedings as an incident to its power to

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Brian Nesvik, Director of the U.S. Fish and Wildlife Service, is automatically substituted for Paul Souza.
[2] To avoid litigation resuming during the Thanksgiving holiday weekend, the Parties' requested date falls 67 days after the current stay closes.

Joint Status Report and Request to Continue Stay

25-51058.333

control its own docket"). A brief continuance of the stay would allow the Parties to continue focusing on resolving this case without further litigation and avoid potentially unnecessary expenditures of time and effort toward resolving administrative record issues, finalizing the administrative record, and briefing any objections or motions. Additionally, the stay will avoid expending the Court's resources with potentially unnecessary filings.

In addition to the continuance of the stay, the Parties also propose that, no later than November 21, 2025 (*i.e.*, 14 days before the close of the stay), they will file another joint status report informing the Court of whether they seek a continuance of the stay and, if applicable, proposing recommendations for a new scheduling order.

A proposed order is attached.

Dated: September 10, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON, Acting Assistant
    Attorney General
NICOLE M. SMITH, Assistant Section Chief

*/s/ Angela Mo*
ANGELA MO, Trial Attorney
Cal. Bar No. 262113
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel:    (202) 353-5129
Email: angela.mo@usdoj.gov

JUSTIN R. SIMMONS
United States Attorney

By: */s/ Natashia D. Hines*
NATASHIA D. HINES
Assistant United States Attorney
Florida State Bar No. 89072

Joint Status Report and Request to Continue Stay

3

25-51058.334

700 E. San Antonio Ave., Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Fax: (915) 534-3490
Email: Natashia.Hines@usdoj.gov

**Attorneys for Defendants**

KEN PAXTON, Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KELLIE E. BILLINGS-RAY
Chief, Environmental Protection Division

*/s/ Clayton Smith*
Clayton Smith
Assistant Attorney General
State Bar No. 24091234
Clayton.Smith@oag.texas.gov

CLAUDIA GUTIERREZ
Assistant Attorney General
State Bar No. 24140101
Claudia.Gutierrez@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
Environmental Protection Division
P. O. Box 12548, MC-066
Austin, Texas 78711-2548
Tel:    (512) 970-9855
Fax:    (512) 320-0911

**Counsel for State of Texas, Plaintiff**

Joint Status Report and Request to Continue Stay

4

25-51058.335

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically filed the foregoing Joint Status

Report and Request to Continue Stay of Litigation for 60 Days with the Clerk of the Court using

the CM/ECF system, which will send a notice of electronic filing to:

Clayton Smith
Claudia Gutierrez
Office of the Attorney General
Environmental Protection Division
P. O. Box 12548, MC-066
Austin, Texas 78711-2548
*Attorneys for Plaintiff*

*/s/ Angela Mo*
Angela Mo
U.S. Department of Justice
*Attorney for Defendants*

25-51058.336



**TAB 6**

KEN PAXTON, Attorney General of Texas
BRENT WEBSTER, First Assistant Attorney General
RALPH MOLINA, Deputy First Assistant Attorney General
AUSTIN KINGHORN, Deputy Attorney General for Civil Litigation
KELLIE E. BILLINGS-RAY, Chief, Environmental Protection Division
CLAYTON SMITH, Assistant Attorney General (State Bar No. 24091234)
CLAUDIA GUTIERREZ, Assistant Attorney General (State Bar No. 24140101)
Office of the Attorney General
Environmental Protection Division
P. O. Box 12548, MC-066
Austin, Texas 78711-2548
Tel:    (512) 970-9855
Fax:    (512) 320-0911
*Counsel for State of Texas, Plaintiff*

ADAM R.F. GUSTAFSON, Principal Deputy Assistant Attorney General
NICOLE M. SMITH, Assistant Section Chief
ANGELA MO, Trial Attorney (Cal. Bar No. 262113)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel:    (202) 353-5129
Email: angela.mo@usdoj.gov
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| STATE OF TEXAS, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| | ) Case No. 7:24-CV-00233-DC-RCG |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF THE | ) **JOINT STATUS REPORT AND** |
| INTERIOR, ET AL., | ) **REQUEST TO CONTINUE STAY OF** |
| | ) **LITIGATION** |
| *Defendants*. | ) |
| | ) |

Pursuant to the Court's September 11, 2025 order (Dkt. No. 27), the Parties—the State of

Texas; the U.S. Department of the Interior; the U.S. Fish and Wildlife Service; Doug Burgum, in

Joint Status Report and Request to Continue Stay of Litigation

1

25-51058.339

his official capacity as Secretary of the Interior; and Brian Nesvik, in his official capacity as Director of the U.S. Fish and Wildlife Service—hereby submit this Joint Status Report and respectfully request to continue the current stay of the above-captioned litigation for approximately 28 additional days, through **January 2, 2026**.

Background

The Parties previously jointly moved the Court to stay the litigation for approximately 90 days to allow the Parties to explore options for resolving this case without further litigation, while conserving the time and resources of the Parties and the Court. (Dkt. No. 25.) On July 7, 2025, the Court granted the Parties' joint motion, staying all proceedings in the case through September 29, 2025, and ordering the Parties to file a joint status report no later than seven days before the close of the stay that informs the Court of whether they seek a continuance of the stay and, if applicable, proposing recommendations for a new scheduling order. (July 7, 2025 Text Order.)

In their September 10, 2025, joint status report, the Parties requested an approximately 60-day continuance of the stay to allow for more time to continue and conclude good-faith discussions towards a possible resolution of this case without further litigation. (Dkt. No. 26.) On September 11, 2025, the Court granted the Parties' request, continuing the stay through December 5, 2025, and ordering the Parties to file a joint status report no later than November 21, 2025, that informs the Court of whether they seek a continuance of the stay and, if applicable, proposing recommendations for a new scheduling order. (Dkt. No. 27.)

Status Report and Basis for Continuance of Stay of Litigation

Since the Parties' previous joint status report, the Parties have continued to engage in discussions and have made further progress towards a possible resolution. The Parties request a short 28-day continuance of the stay, however, because they estimate that more time is needed to

Joint Status Report and Request to Continue Stay of Litigation

2

25-51058.340

continue and conclude these discussions and because the length of the continuance is roughly commensurate with the duration of the recent lapse of federal government appropriations, which prevented the Parties from continuing their discussions. Specifically, at the end of the day on September 30, 2025, the appropriations act that had been funding the U.S. Department of Justice expired and those appropriations to the Department lapsed. The same was true for the majority of other Executive agencies, including the U.S. Fish and Wildlife Service. Absent an appropriation, U.S. Department of Justice attorneys were prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Funding was restored to the U.S. Department of Justice and other Executive agencies after 43 days on November 12, 2025.

The Court has broad discretion to stay the litigation under its inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (recognizing court has "broad discretion to stay proceedings as an incident to its power to control its own docket"). A brief continuance of the stay would allow the Parties to continue focusing on resolving this case without further litigation and avoid potentially unnecessary expenditures of time and effort toward resolving administrative record issues, finalizing the administrative record, and briefing any objections or motions. Additionally, the stay will avoid expending the Court's resources with potentially unnecessary filings.

In addition to the continuance of the stay, the Parties also propose that, no later than December 19, 2025 (*i.e.*, 14 days before the close of the stay), they will file another joint status report informing the Court of whether they seek a continuance of the stay and, if applicable, proposing recommendations for a new scheduling order.

Joint Status Report and Request to Continue Stay of Litigation

25-51058.341

A proposed order is attached.

Dated: November 21, 2025          Respectfully submitted,

         ADAM R.F. GUSTAFSON, Principal Deputy
           Assistant Attorney General
         NICOLE M. SMITH, Assistant Section Chief

         */s/ Angela Mo*
         ANGELA MO, Trial Attorney
         Cal. Bar No. 262113
         United States Department of Justice
         Environment & Natural Resources Division
         Wildlife & Marine Resources Section
         Ben Franklin Station, P.O. Box 7611
         Washington, DC 20044-7611
         Tel:    (202) 353-5129
         Email: angela.mo@usdoj.gov

         JUSTIN R. SIMMONS
         United States Attorney

         By: */s/ Natashia D. Hines*
         NATASHIA D. HINES
         Assistant United States Attorney
         Florida State Bar No. 89072
         700 E. San Antonio Ave., Ste. 200
         El Paso, Texas 79901
         Office: (915) 534-6555
         Fax: (915) 534-3490
         Email: Natashia.Hines@usdoj.gov

         ***Attorneys for Defendants***

         KEN PAXTON, Attorney General of Texas

         BRENT WEBSTER
         First Assistant Attorney General

         RALPH MOLINA
         Deputy First Assistant Attorney General

Joint Status Report and Request to Continue Stay of Litigation

4

25-51058.342

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KELLIE E. BILLINGS-RAY
Chief, Environmental Protection Division

*/s/ Clayton Smith*
Clayton Smith
Assistant Attorney General
State Bar No. 24091234
Clayton.Smith@oag.texas.gov

CLAUDIA GUTIERREZ
Assistant Attorney General
State Bar No. 24140101
Claudia.Gutierrez@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
Environmental Protection Division
P. O. Box 12548, MC-066
Austin, Texas 78711-2548
Tel:    (512) 970-9855
Fax:    (512) 320-0911

***Counsel for State of Texas, Plaintiff***

25-51058.343

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2025, I electronically filed the foregoing Joint Status

Report and Request to Continue Stay of Litigation with the Clerk of the Court using the CM/ECF

system, which will send a notice of electronic filing to:

Clayton Smith
Claudia Gutierrez
Office of the Attorney General
Environmental Protection Division
P. O. Box 12548, MC-066
Austin, Texas 78711-2548
*Attorneys for Plaintiff*

/s/ Angela Mo
Angela Mo
U.S. Department of Justice
*Attorney for Defendants*

25-51058.344



**TAB 7**

KEN PAXTON, Attorney General of Texas
BRENT WEBSTER, First Assistant Attorney General
RALPH MOLINA, Deputy First Assistant Attorney General
AUSTIN KINGHORN, Deputy Attorney General for Civil Litigation
KELLIE E. BILLINGS-RAY, Chief, Environmental Protection Division
CLAYTON SMITH, Assistant Attorney General (State Bar No. 24091234)
CLAUDIA GUTIERREZ, Assistant Attorney General (State Bar No. 24140101)
Office of the Attorney General
Environmental Protection Division
P. O. Box 12548, MC-066
Austin, Texas 78711-2548
Tel:    (512) 970-9855
Fax:    (512) 320-0911
*Counsel for State of Texas, Plaintiff*

ADAM R.F. GUSTAFSON, Principal Deputy Assistant Attorney General
NICOLE M. SMITH, Assistant Section Chief
ANGELA MO, Trial Attorney (Cal. Bar No. 262113)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel:    (202) 353-5129
Email: angela.mo@usdoj.gov
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 7:24-CV-00233-DC-RCG |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF THE | ) | **JOINT STATUS REPORT AND** |
| INTERIOR, ET AL., | ) | **REQUEST TO CONTINUE STAY OF** |
| | ) | **LITIGATION** |
| *Defendants*. | ) | |
| | ) | |

Pursuant to the Court's November 24, 2025 order (Dkt. No. 29), the Parties—the State of

Texas; the U.S. Department of the Interior; the U.S. Fish and Wildlife Service; Doug Burgum, in

JOINT STATUS REPORT AND REQUEST TO CONTINUE STAY OF LITIGATION

25-51058.360

his official capacity as Secretary of the Interior; and Brian Nesvik, in his official capacity as Director of the U.S. Fish and Wildlife Service—hereby submit this Joint Status Report and respectfully request to continue the current stay of the above-captioned litigation for approximately 45 additional days, through **February 17, 2026**.

Background

The Parties previously jointly moved the Court to stay the litigation for approximately 90 days to allow the Parties to explore options for resolving this case without further litigation, while conserving the time and resources of the Parties and the Court. (Dkt. No. 25.) On July 7, 2025, the Court granted the Parties' joint motion, staying all proceedings in the case through September 29, 2025, and ordering the Parties to file a joint status report no later than seven days before the close of the stay that informs the Court of whether they seek a continuance of the stay and, if applicable, proposing recommendations for a new scheduling order. (July 7, 2025 Text Order.)

In their September 10, 2025, joint status report, the Parties requested an approximately 60-day continuance of the stay to allow for more time to continue and conclude good-faith discussions towards a possible resolution of this case without further litigation. (Dkt. No. 26.) On September 11, 2025, the Court granted the Parties' request, continuing the stay through December 5, 2025, and ordering the Parties to file a joint status report no later than November 21, 2025, that informs the Court of whether they seek a continuance of the stay and, if applicable, proposing recommendations for a new scheduling order. (Dkt. No. 27.)

In their November 21, 2025, joint status report, the Parties requested an approximately 28-day continuance of the stay to continue and conclude their discussions and to account for the 43-day lapse in federal government appropriations in October and November that prevented the Parties from continuing their discussions. (Dkt. No. 28.) On November 24, 2025, the Court granted

25-51058.361

the Parties' request, continuing the stay through January 2, 2026, and ordering the Parties to file a joint status report no later than December 19, 2025, that informs the Court of whether they seek a continuance of the stay and, if applicable, proposing recommendations for a new scheduling order. (Dkt. No. 29.)

Status Report and Basis for Continuance of Stay of Litigation

Since the Parties' previous joint status report, the Parties have continued to engage in discussions and have made further progress towards a possible resolution. The Parties request a 45-day continuance of the stay, however, because they estimate that more time is needed to continue and conclude these discussions.

The Court has broad discretion to stay the litigation under its inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (recognizing court has "broad discretion to stay proceedings as an incident to its power to control its own docket"). A brief continuance of the stay would allow the Parties to continue focusing on resolving this case without further litigation and avoid potentially unnecessary expenditures of time and effort toward resolving administrative record issues, finalizing the administrative record, and briefing any objections or motions. Additionally, the stay will avoid expending the Court's resources with potentially unnecessary filings.

In addition to the continuance of the stay, the Parties also propose that, no later than February 3, 2026 (*i.e.*, 14 days before the close of the stay), they will file another joint status report informing the Court of whether they seek a continuance of the stay and, if applicable, proposing recommendations for a new scheduling order.

A proposed order is attached.

25-51058.362

Dated: December 19, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON, Principal Deputy
  Assistant Attorney General
NICOLE M. SMITH, Assistant Section Chief

*/s/ Angela Mo*
ANGELA MO, Trial Attorney
Cal. Bar No. 262113
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel:    (202) 353-5129
Email:  angela.mo@usdoj.gov

JUSTIN R. SIMMONS
United States Attorney

By: */s/ Natashia D. Hines*
NATASHIA D. HINES
Assistant United States Attorney
Florida State Bar No. 89072
700 E. San Antonio Ave., Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Fax: (915) 534-3490
Email: Natashia.Hines@usdoj.gov

***Attorneys for Defendants***

KEN PAXTON, Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

25-51058.363

KELLIE E. BILLINGS-RAY
Chief, Environmental Protection Division

/s/ *Clayton Smith*
Clayton Smith
Assistant Attorney General
State Bar No. 24091234
Clayton.Smith@oag.texas.gov

CLAUDIA GUTIERREZ
Assistant Attorney General
State Bar No. 24140101
Claudia.Gutierrez@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
Environmental Protection Division
P. O. Box 12548, MC-066
Austin, Texas 78711-2548
Tel:    (512) 970-9855
Fax:    (512) 320-0911

**Counsel for State of Texas, Plaintiff**

JOINT STATUS REPORT AND REQUEST TO CONTINUE STAY OF LITIGATION

5

25-51058.364

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2025, I electronically filed the foregoing Joint Status

Report and Request to Continue Stay of Litigation with the Clerk of the Court using the CM/ECF

system, which will send a notice of electronic filing to:

Clayton Smith
Claudia Gutierrez
Office of the Attorney General
Environmental Protection Division
P. O. Box 12548, MC-066
Austin, Texas 78711-2548
*Attorneys for Plaintiff*

/s/ Angela Mo
Angela Mo
U.S. Department of Justice
*Attorney for Defendants*

25-51058.365

**TAB 8**

F I L E D

MAR 13 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| STATE OF TEXAS | |
| Plaintiff, | Civil Action No. 7:24-cv-233-DC-RCG |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR, et al. | |
| Defendants. | |

## MOTION TO INTERVENE

The Center for Biological Diversity ("Center") respectfully moves to intervene as Defendants under Federal Rule of Civil Procedure 24(a) to safeguard its substantial interests in the fate of the endangered dunes sagebrush lizard.

This lawsuit challenges the U.S. Fish and Wildlife Service's ("Service") decision to list the dunes sagebrush lizard as endangered under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531–1544. The Center has advocated for the lizard's conservation for many years and its members derive significant benefits and enjoyment from the species and hope to do so in the future. Accordingly, this case substantially implicates and threatens the Center's interests.

Intervention of right is warranted here because the Center's motion is timely, the Center has a direct and legally cognizable interest in federal protection of the dunes sagebrush lizard that may be impaired by the relief sought in this litigation, and the existing parties do not adequately represent the Center's interests. *Entergy Gulf States La. L.L.C. v. U.S. Env't Prot. Agency*, 817 F.3d 198, 203 (5th Cir. 2016) (citing *Haspel & Davis Milling & Planting Co. v. Bd.*

25-51058.233

*of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007). Alternatively, the Center requests permissive intervention under Federal Rule of Civil Procedure 24(b).

In support of this motion, the Center submits the accompanying declarations of Rebecca Brunner, Noah Greenwald, and Scott Trageser. The Center also submits a Proposed Answer to Plaintiff's Complaint.

*Center for Biological Diversity Motion to Intervene*                                             2

25-51058.234

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

### TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

    I.     The Imperiled Dunes Sagebrush Lizard ........................................................... 2

    II.    The Endangered Species Act ............................................................................ 3

    III.   The Dunes Sagebrush Lizard's Tortuous Path to ESA Listing........................... 5

    IV.  This Lawsuit ...................................................................................................... 8

    V.    Proposed Intervenor the Center for Biological Diversity ................................. 8

ARGUMENT ....................................................................................................................... 8

    I.     The Center Is Entitled to Intervene as of Right. ............................................... 9

       A.    The Center for Biological Diversity's Motion to Intervene is Timely. .................... 10

       B.    The Center for Biological Diversity Has a Substantial Interest in the Continued Protection of the Dunes Sagebrush Lizard.................................................................. 11

       C.    An Adverse Ruling Would Harm the Center's Interests. ......................................... 13

       D.    Federal Defendants Do Not Adequately Represent the Center for Biological Diversity's Interests. ............................................................................... 14

    II.    Alternatively, the Court Should Grant Permissive Intervention...................... 17

CONCLUSION .................................................................................................................. 19

25-51058.235

## TABLE OF AUTHORITIES

**Cases**

*Am. Stewards of Liberty v. DOI,*
    370 F. Supp. 3d 711 (W.D. Tex. 2019)...................................................................................... 11, 17

*Am. Stewards of Liberty v. DOI,*
    960 F.3d 223 (5th Cir. 2020).......................................................................................................... 11

*Aransas Project v. Shaw,*
    404 F. App'x 937 (5th Cir. 2010) .................................................................................................. 9

*Ass'n of Conn. Lobbyists LLC v. Garfield,*
    241 F.R.D. 100 (D. Conn. 2007)................................................................................................... 18

*Ass'n of Pro. Flight Attendants v. Gibbs,*
    804 F.2d 318 (5th Cir. 1986)........................................................................................................ 10

*Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or.,*
    515 U.S. 687 (1995) ....................................................................................................................... 4

*Brumfield v. Dodd,*
    749 F.3d 339 (5th Cir. 2014)........................................................................................................ 16

*Colosi v. Charlotte County, Fla.,*
    No. 24-cv-1004 (M.D. Fla. filed Oct. 29, 2024) ....................................................................... 17

*Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.,*
    No. 22-cv-387 (D.N.M. filed May 19, 2022)............................................................................... 7

*Defs. of Wildlife v. Bernhardt,*
    No. 19-cv-2936 (D.D.C. filed Oct. 1, 2019) ................................................................................ 7

*Defs. of Wildlife v. Jewell,*
    70 F. Supp. 3d 183 (D.D.C. 2014) ............................................................................................... 6

*Defs. of Wildlife v. Jewell,*
    815 F.3d 1 (D.C. Cir. 2016) ...................................................................................................... 6, 7

*DeOtte v. Azar,*
    332 F.R.D. 173 (N.D. Tex. 2019) ............................................................................................... 17

*Doe No. 1 v. Glickman,*
    256 F.3d 371 (5th Cir. 2001)..................................................................................... 10, 11, 13, 14

*Edwards v. City of Houston,*
    78 F.3d 983 (5th Cir. 1996)................................................................................................... 10, 13

*Endurance Am. Ins. Co. v. Lloyd's Syndicate 3624,*
    No. 3:23-CV-0133, 2023 U.S. Dist. LEXIS 75051 (N.D. Tex. Apr. 28, 2023)......................... 17

25-51058.236

*Entergy Gulf States La. L.L.C. v. U.S. Env't Prot. Agency,*
    817 F.3d 198 (5th Cir. 2016)............................................................................................ 16

*Franciscan All., Inc. v. Azar,*
    414 F. Supp. 3d 928 (N.D. Tex. 2019).............................................................................. 9

*Georgia v. U.S. Army Corps of Eng'rs,*
    302 F.3d 1242 (11th Cir. 2002)...................................................................................... 16

*Lujan v. Defs. of Wildlife,*
    504 U.S. 555 (1992)........................................................................................................ 12

*Nat'l Press Photographers Ass'n v. McCraw,*
    594 F. Supp. 3d 789 (W.D. Tex. 2022)........................................................................... 17

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,*
    732 F.2d 452 (5th Cir. 1984).......................................................................................... 18

*Ross v. Marshall,*
    426 F.3d 745 (5th Cir. 2005).......................................................................................... 14

*Sierra Club v. Espy,*
    18 F.3d 1202 (5th Cir. 1994)............................................................................... 13, 14, 16

*Spangler v. Pasadena City Bd. of Educ.,*
    552 F.2d 1326 (9th Cir. 1977)........................................................................................ 18

*Tenn. Valley Auth. v. Hill,*
    437 U.S. 153 (1978).................................................................................................... 3, 17

*Texas v. United States DOI,*
    No. 7:23-cv-47, 2023 U.S. Dist. LEXIS 237959 (W.D. Tex. Aug. 29, 2023)............................. 9

*Texas v. United States,*
    805 F.3d 653 (5th Cir. 2015)................................................................................. 9, 11, 16

*Tot Power Control, S.L. v. AT&T Mobility LLC,*
    No. 6:21-CV-00107, 2021 U.S. Dist. LEXIS 195476 (W.D. Tex. Oct. 8, 2021) ...................... 13

*Trbovich v. United Mine Workers of Am.,*
    404 U.S. 528 (1972)........................................................................................................ 14

*Utah Ass'n of Counties v. Clinton,*
    255 F.3d 1246 (10th Cir. 2001)...................................................................................... 16

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n,*
    834 F.3d 562 (5th Cir. 2016)..................................................................................... 10, 11

25-51058.237

**Statutes**

16 U.S.C. § 1531(b) .................................................................................................................. 3

16 U.S.C. § 1532(20) ................................................................................................................ 3

16 U.S.C. § 1532(6). .................................................................................................................. 3

16 U.S.C. § 1533(a)(1) .......................................................................................................... 3, 4

16 U.S.C. § 1533(a)(3)(A) ........................................................................................................ 4

16 U.S.C. § 1533(b)(1)(A) ........................................................................................................ 4

16 U.S.C. § 1536 ....................................................................................................................... 4

16 U.S.C. § 1536(a)(2) .............................................................................................................. 4

16 U.S.C. § 1538 ....................................................................................................................... 4

16 U.S.C. § 1539 ....................................................................................................................... 5

16 U.S.C. § 1539(a)(1)(B) ........................................................................................................ 4

16 U.S.C. § 1539(a)(2)(B)(iv) ................................................................................................... 5

16 U.S.C. §§ 1531–1544 ........................................................................................................... 1

**Rules**

Fed. R. Civ. P. 24(a)(2) ............................................................................................................. 9

**Other Authorities**

50 C.F.R. § 17.3 ....................................................................................................................... 4

50 C.F.R. § 402.01(b) ............................................................................................................... 3

50 C.F.R. § 424.11(b) ............................................................................................................... 4

*90-Day Finding for the Dunes Sagebrush Lizard,*
    85 Fed. Reg. 43,203 (July 16, 2020) ................................................................................... 7

Associated Press, *Texas Terminates Foundation Formed to Manage Lizard Species*, CBS News
    (March 25, 2016) .................................................................................................................. 6

Benji Jones, *Why Does Trump Hate This Tiny Fish So Much?* Vox (Jan. 21, 2025) ................... 15

Center for Biological Diversity & Defenders of Wildlife, *Petition to List the Dunes Sagebrush
    Lizard* (May 8, 2018) ........................................................................................................... 6

Defenders of Wildlife, *Habitat Disturbances Under the Texas Habitat Conservation Plan for the
    Dunes Sagebrush Lizard* (March 2013) ............................................................................... 5

*Center for Biological Diversity Memorandum in Support of Motion to Intervene*                    iv

*Endangered Species Status for the Dunes Sagebrush Lizard*,
    88 Fed. Reg. 42,661 (July 03, 2023) .................................................................. 1, 5, 7

*Endangered Species Status for the Dunes Sagebrush Lizard*,
    89 Fed. Reg. 43,748 (May 20, 2024). ................................................................ 1, 2, 3, 7

Exec. Order No. 14,154,
    90 Fed. Reg. 8358 (Jan. 29, 2025) ........................................................................... 15

Exec. Order No. 14,156,
    90 Fed. Reg. 8,433 (Jan. 29, 2025) .......................................................................... 15

Kiah Collier, *Faced With Failure, State to Propose New Plan to Protect West Texas Lizard*,
    Texas Tribune (June 22, 2018)...................................................................................... 7

Kiah Collier, *Oilfield Sand Miners Encroaching on Threatened West Texas Lizard*, Texas
    Tribune (Aug. 14, 2017)................................................................................................ 6

Shannon Najmabadi, *Report: Sand Miners Disturbing Threatened West Texas Lizard's Habitat*,
    Texas Tribune (Sept. 25, 2017)..................................................................................... 6

The White House, *Putting People Over Fish: Stopping Radical Environmentalism to Provide
    Water to Southern California* (Jan. 20, 2025)............................................................ 15

*Withdrawal of the Proposed Rule to List Dunes Sagebrush Lizard*,
    77 Fed. Reg. 36,872 (June 19, 2012) ....................................................................... 5, 7

25-51058.239

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

## INTRODUCTION

The Center for Biological Diversity ("Center") seeks to intervene as Defendants in this case to safeguard the interests of this organization and its members in protecting and conserving the dunes sagebrush lizard (*Scelporus arenicolus*) and its habitat. The dunes sagebrush lizard, a small diurnal species, is a narrow-ranging habitat specialist found only in the white sand dunes of southeastern New Mexico and west Texas. *Endangered Species Status for the Dunes Sagebrush Lizard*, 88 Fed. Reg. 42,661, 42,665-66 (July 03, 2023). With habitat loss driving the species to the brink of extinction, the U.S. Fish and Wildlife Service ("Service") recently listed the dunes sagebrush lizard as endangered under the Endangered Species Act ("ESA"). *Endangered Species Status for the Dunes Sagebrush Lizard*, 89 Fed. Reg. 43,748 (May 20, 2024).

Plaintiff seeks to set aside the listing rule and eliminate the lizard's federal ESA protection. Moreover, Plaintiff raises issues that could affect how the Service evaluates other species for listing and protection. The Center has a longstanding interest in the ESA listing process and regularly petitions the Service to protect imperiled species. A ruling for Plaintiffs would harm the interests of the Center's members and erase years of work to protect the lizard and, potentially, other imperiled species.

The Center has no confidence that the Federal Defendants will adequately represent its interests in this case. The government necessarily represents a broader range of stakeholders, and the Trump administration has already signaled through public statements and executive orders, see *infra*, that it will prioritize oil and gas production—the biggest threat to the lizard's survival—over species conservation. Accordingly, this Court should grant the Center's motion to defend its substantial interests in this case.

*Center for Biological Diversity Memorandum in Support of Motion to Intervene*                    1

25-51058.240

Pursuant to Local Court Rule CV-7(g), the Center conferred with counsel for Plaintiff and Federal Defendants regarding this Motion. Plaintiff and Federal Defendants take no position on the motion at this time.

## BACKGROUND

### I.    The Imperiled Dunes Sagebrush Lizard

The dunes sagebrush lizard is a species of spiny lizard endemic to the shinnery oak dunelands and shrublands of the Mescalero and Monahans Sandhills in a southeastern New Mexico and western Texas. 89 Fed. Reg. at 43,758. The lizard requires a very specific and restricted habitat type. It depends on shinnery oak duneland habitat for all aspects of its life history including to provide appropriate substrate for nests, cover for young, sheltering habitat for thermoregulation, and food for maturation from juvenile to adult. *Id.* at 43,758-43,761. Dunes sagebrush lizards form small, localized populations called neighborhoods that are interconnected through dispersal. *Id.* Long-term population stability is maintained through interconnected neighborhoods that are experiencing localized colonization and extirpation. *Id.*



Due to its reliance on a very specific and restricted habitat type, the lizard is highly susceptible to habitat loss and fragmentation. *Id.* at 43,761. Today, the dunes sagebrush lizard lives in a very small area of West Texas and southeastern New Mexico that includes part of the Permian Basin, which over the last decade has been one of the world's fastest growing oil and gas fields. More than 95% of the original shinnery oak dunes ecosystem has been destroyed by

*Center for Biological Diversity Memorandum in Support of Motion to Intervene*          2

25-51058.241

oil and gas and other development, as well as by herbicide spraying to support livestock grazing. Much of the lizard's remaining habitat is fragmented, which undermines the species' ability to find mates for reproduction. Fragmented sites are less likely to support robust populations, given their large patches of flat open sand and barren ground. These sites also have fewer and more dispersed dune blowouts, which are depressions in sand dunes caused by wind erosion essential to the lizard's reproduction. *Id.*

## II.    The Endangered Species Act

Congress enacted the ESA in 1973 "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved" and "to provide a program for the conservation of such endangered species and threatened species." 16 U.S.C. § 1531(b). Fifty years later, the ESA remains "the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 180 (1978). As the Supreme Court found, the "plain intent of Congress in enacting this statute was to halt and reverse the trend toward species extinction, whatever the cost." *Id.* at 184.

For terrestrial species, the Secretary of the Interior ("Secretary"), acting through the Service, must determine whether any species is "endangered" or "threatened." 16 U.S.C. § 1533(a)(1); 50 C.F.R. § 402.01(b) (2025). A species is designated as "threatened" when it "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range," 16 U.S.C. § 1532(20), and "endangered" when it is "in danger of extinction throughout all or a significant portion of its range," *id.* § 1532(6).

To make a listing decision, the Service evaluates five statutory factors: "(A) the present or threatened destruction, modification, or curtailment of its habitat or range; (B) overutilization for commercial, recreational, scientific, or educational purposes; (C) disease or predation; (D)

*Center for Biological Diversity Memorandum in Support of Motion to Intervene*                    3

25-51058.242

the inadequacy of existing regulatory mechanisms; or (E) other natural or manmade factors affecting its continued existence." *Id.* § 1533(a)(1). The Service must make timely listing determinations "*solely* on the basis of the best available scientific and commercial information regarding a species' status." 50 C.F.R. § 424.11(b) (2025) (emphasis in original); *see also* 16 U.S.C. § 1533(b)(1)(A).

The protections of the ESA kick in only after a species is listed. These protections generally include the prohibition on "take" of individual members of endangered species, *id.* § 1538, designation of "critical habitat," *id.* § 1533(a)(3)(A)(i), and a requirement that federal agencies consult with the Service to "insure that any action authorized, funded, or carried out by [federal agencies] is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of [its critical habitat]," *id.* § 1536(a)(2). To "take" a listed species is "to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect" it, "or to attempt to engage in any such conduct." 16 U.S.C. § 1532(19). "Harm" in this definition of take "may include significant habitat modification or degradation where it actually kills or injures wildlife by significantly impairing essential behavioral patterns, including breeding, feeding or sheltering." 50 C.F.R. § 17.3 (2025); *see Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or.*, 515 U.S. 687, 696–708 (1995) (upholding "harm" definition to include significant habitat degradation).

The ESA's protections are not absolute. The Service may issue permits to take listed species "if such taking is incidental to, and not the purpose of, the carrying out of an otherwise lawful activity." 16 U.S.C. § 1539(a)(1)(B). Incidental take permits are issued through the Section 7 consultation process for activities that have a federal nexus, *see* 16 U.S.C. § 1536, and through the Section 10 habitat conservation planning process for activities on private lands. 16

25-51058.243

U.S.C. § 1539. The Service may issue an incidental take permit if it finds that the applicant will minimize and mitigate the impacts of the incidental take "to the maximum extent practicable"; that there is adequate funding for the habitat conservation plan; and that the taking "will not appreciably reduce the likelihood of the survival and recovery of the species in the wild." *Id.* § 1539(a)(2)(B)(iv).

### III.    The Dunes Sagebrush Lizard's Tortuous Path to ESA Listing

The Service first identified the dunes sagebrush lizard as a species in need of protection in 1982. 88 Fed. Reg at 42,662. In 2002, the Center petitioned the Service to list the dunes sagebrush lizard as threatened or endangered. *Id.* at 42,663. On December 27, 2004, the Service published a 12-month finding that listing was warranted but precluded by higher priorities. *Id.* After the Center sued for unreasonable delay, in 2010 the Service proposed to list the lizard as endangered but again put off making a final determination. *Id.* Two years later, in June 2012, the Service withdrew the proposed listing rule based in large part on a voluntary conservation agreement fashioned by the Texas Comptroller's Office. *Withdrawal of the Proposed Rule to List Dunes Sagebrush Lizard,* 77 Fed. Reg. 36,872, 36,897-98 (June 19, 2012).

In 2013, Defenders of Wildlife ("Defenders") issued a report that used satellite imagery to show how habitat loss continued under the Texas plan.[1] So in June 2013, Defenders and the Center filed a lawsuit against the Service, alleging—as the groups had previously asserted in comments—that the Texas Conservation Plan was flawed and that the Service's reliance on it was contrary to the ESA. The court, however, upheld the listing rule, finding that the Service's

---

[1] *See* Defenders of Wildlife, *Habitat Disturbances Under the Texas Habitat Conservation Plan for the Dunes Sagebrush Lizard* (March 2013), https://defenders.org/publications/habitat-disturbances-under-texas-habitat-conservation-plan-dunes-sagebrush-lizard-0.

*Center for Biological Diversity Memorandum in Support of Motion to Intervene*                    5

25-51058.244

decision to withdraw the proposed listing warranted deference despite the conservation groups' evidence of the plan's inadequacy. *Defs. of Wildlife v. Jewell*, 70 F. Supp. 3d 183 (D.D.C. 2014), *aff'd Defs. of Wildlife v. Jewell,* 815 F.3d 1 (D.C. Cir. 2016).

The Texas Comptroller's Office acknowledged the plan was not working. In February 2016, Texas Comptroller Glenn Hegar fired the Texas Habitat Conservation Foundation, the organization responsible for overseeing the plan, for reportedly failing to perform any of the habitat restoration work it was supposed to do.[2] In August 2017, the Comptroller's Office informed the Service that the sand-mining industry posed a new threat to the lizard that the plan was not designed to address.[3] Defenders then published a new satellite analysis of the extent sand mines in and around lizard habitat and predicted the industry could convert as much as 10 percent of lizard habitat.[4]

Based on these new and existing threats, on May 8, 2018, the Center again petitioned the Service to list the species as threatened or endangered.[5] On June 22, 2018, the Texas

---

[2] Associated Press, *Texas Terminates Foundation Formed to Manage Lizard Species*, CBS News (March 25, 2016), https://www.cbsnews.com/texas/news/texas-terminates-foundation-formed-to-manage-lizard-species/.
[3] Kiah Collier, *Oilfield Sand Miners Encroaching on Threatened West Texas Lizard*, Texas Tribune (Aug. 14, 2017), https://www.texastribune.org/2017/08/14/comptrollers-office-oilfield-suppliers-threatening-dune-sagebrush-liza/.
[4] Shannon Najmabadi, *Report: Sand Miners Disturbing Threatened West Texas Lizard's Habitat*, Texas Tribune (Sept. 25, 2017), https://www.texastribune.org/2017/09/25/west-texas-lizard-threatened-sand-miners/.
[5] Center for Biological Diversity & Defenders of Wildlife, *Petition to List the Dunes Sagebrush Lizard* (May 8, 2018), https://ecos.fws.gov/docs/petitions/92210/1040.pdf.

*Center for Biological Diversity Memorandum in Support of Motion to Intervene*        6

Comptroller's Office conceded the failure of the prior 6-year-old plan and began work on a new conservation plan for the dunes lizard.[6]

The Service declined to list the lizard in 2012 on the belief that the Texas Conservation Plan would be implemented and effective, but despite mounting evidence of the plan's failure and assurances in both the Withdrawal Decision, 77 Fed. Reg. at 36,899, and before the D.C. Circuit, *Defenders of Wildlife,* 815 F.3d at 10-11, that it would revisit the decision if the plan did not work, the Service took no action. Thus, on October 1, 2019, the Center and partners sued the Service over its continued delay. *Defs. of Wildlife v. Bernhardt,* No. 19-cv-2936 (D.D.C. filed Oct. 1, 2019). Two years later, the Service published a new 90-day finding that the lizard may warrant listing. *90-Day Finding for the Dunes Sagebrush Lizard,* 85 Fed. Reg. 43,203 (July 16, 2020). After the Service again failed to make a timely 12-month finding on the petition the Center filed another lawsuit in May 2022. *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.,* No. 22-cv-387 (D.N.M. filed May 19, 2022). The case settled and the Service agreed to publish its 12-month finding by June 29, 2023.

On July 3, 2023, the Service proposed to list the dunes sagebrush lizard as endangered. 88 Fed. Reg. at 42,661. The Final Rule at issue here was published on May 20, 2024—more than two decades after the Center's initial petition and some 40 years after the Service first evaluated the lizard for ESA protection. 89 Fed. Reg. at 43,748.

---

[6] Kiah Collier, *Faced With Failure, State to Propose New Plan to Protect West Texas Lizard,* Texas Tribune (June 22, 2018), https://www.texastribune.org/2018/06/22/texas-propose-new-plan-protect-threatened-lizard/.

*Center for Biological Diversity Memorandum in Support of Motion to Intervene*          7

## IV.    This Lawsuit

Plaintiff alleges that the Service's Final Rule violates the ESA by failing to consider the best scientific and commercial data available and adequately consider voluntary conservation efforts. Pls.' Compl. ¶¶ 2-3, 79-80. Lastly, Plaintiff alleges the Service's take provisions are unreasonably vague. Pls.' Compl. ¶ 84.

## V.    Proposed Intervenor the Center for Biological Diversity

The Center is a national, nonprofit environmental organization that works through science, law, and media to protect imperiled species and their habitats. Greenwald Decl. ¶ 4. The Center is headquartered in Tucson, Arizona with offices in California, Oregon, and Washington, D.C. *Id.* The Center has more than 93,000 members and 1.8 million online supporters nationwide dedicated to the protection of species hovering on the brink of extinction, including the dunes sagebrush lizard. *Id.* The Center has direct and legally protectible interests in this case.

The Center and its members have recreational, aesthetic, scientific, conservation, and economic interests related to the dunes sagebrush lizard and its habitat. *See generally* Brunner, Greenwald, and Trageser Decl. The Center has worked for decades to achieve federal ESA protection for the lizard. Now that the species is finally listed, the Center and its members have an equally strong interest in seeing it continue to receive the protections needed for its recovery. The Center and its members' interests would be harmed if the Service's listing was invalidated. Brunner Decl. ¶ 16-18, Greenwald Decl. ¶ 10-15, and Trageser Decl. ¶ 22.

## ARGUMENT

The Center's intervention motion should be granted. The Center has fought for more than two decades to secure ESA protections for the dunes sagebrush lizard and similarly rare species. The Center seeks a voice in this proceeding to ensure that this Court is fully informed of the

*Center for Biological Diversity Memorandum in Support of Motion to Intervene*                8

25-51058.247

history and legitimacy of the dunes sagebrush lizard protections at issue. The Center's interests in this species and the proper administration of the ESA are threatened by Plaintiff's lawsuit and are not adequately represented by any other party to this case. Given the significant impact this case could have on the Center's substantial and unrepresented interests in the protection and recovery of the dunes sagebrush lizard and similarly situated species, this Court should grant the Center's intervention request.[7]

## I.    The Center Is Entitled to Intervene as of Right.

The Center should be permitted to intervene as of right because (1) the motion to intervene is timely, (2) the Center has an interest in the action's subject matter, (3) the disposition of this matter may impair or impede upon the Center's interests, and (4) the existing parties do not adequately represent the Center's interests. Fed. R. Civ. P. 24(a)(2); *see also Aransas Project v. Shaw*, 404 F. App'x 937, 940 (5th Cir. 2010) (citations omitted). "Rule 24 is to be liberally construed." *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015) (citations omitted). Intervention is typically granted where "no one would be hurt and the greater justice could be attained." *Id.* at 657. Because the Center satisfies all requirements for intervention of right, and this Circuit's precedent generally favors intervention, the Court should grant the motion.

---

[7] "An intervenor-defendant must show standing only when they seek relief that differs from that requested by the existing parties." *Texas v. United States DOI*, No. 7:23-cv-47, 2023 U.S. Dist. LEXIS 237959, at *6 (W.D. Tex. Aug. 29, 2023) (citing *Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928, 947 n.3 (N.D. Tex. 2019). The Center does not seek any additional relief and thus need not demonstrate standing to intervene.

*Center for Biological Diversity Memorandum in Support of Motion to Intervene*            9

### A. The Center for Biological Diversity's Motion to Intervene is Timely.

The Center's motion to intervene is timely because the litigation remains at an early stage and this Court has yet to issue any substantive rulings. When evaluating the timeliness of intervention, the Court considers:

> (1) how long the potential intervener knew or reasonably should have known of her stake in the case into which she seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervener failed to intervene when she knew or reasonably should have known of her stake in that case; (3) the prejudice, if any, the potential intervener may suffer if the court does not let her intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness.

*Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001) (citations omitted). "The timeliness inquiry is contextual" and "is not limited to chronological considerations but is to be determined from all the circumstances." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (internal quotation marks and citations omitted). The timeliness inquiry is "concerned only with the prejudice caused by the applicants' delay, not that prejudice which may result if intervention is allowed." *Edwards v. City of Houston*, 78 F.3d 983, 1002 (5th Cir. 1996) (citations omitted).

The Center's motion to intervene was submitted at an early stage of the litigation soon after concluding that its interests may be negatively affected by the case. Under the Court's February 24, 2025, amended scheduling order, additional parties can be joined until June 11, 2025, the Administrative Record is not yet filed, and briefing is not scheduled to begin until at least September 17, 2025, assuming no motions related to the record. ORDER, Dkt. No. 16. Moreover, at this early stage before the administrative record, notices of joinder, or dispositive motions have been filed, intervention would not prejudice any party. *See, e.g., Ass'n of Pro. Flight Attendants v. Gibbs*, 804 F.2d 318 (5th Cir. 1986) (finding motion to intervene timely

25-51058.249

where five months passed between interest learned and intervention). Rather, the Center will suffer prejudice should this Court deny intervention, rendering it unable to participate as a party in support of the ESA listing or to appeal any adverse decision that might be issued in this case.[8]

Furthermore, there are no "unusual circumstances" that would weigh against the determination that the Center's application is timely. To the contrary, as discussed further below, the Center considers the Trump administration's sweeping and unprecedented environmental regulatory actions since assuming office in January to be "unusual circumstances" that support intervention at this time. For all these reasons, the Center's motion should be considered timely.

### B. The Center for Biological Diversity Has a Substantial Interest in the Continued Protection of the Dunes Sagebrush Lizard.

The Center also satisfies Rule 24(a)'s "interest" requirement because it has a direct stake in the continued protection of the dunes sagebrush lizard under the ESA, which is "the basis of the controversy in the case." *Glickman*, 256 F.3d at 375 (citations omitted). To intervene under Rule 24(a), a potential movant must show a "direct, substantial, [and] legally protectable" interest in the proceeding. *Texas v. United States*, 805 F.3d at 657 (citations omitted). While there is no "clear definition of the nature of the 'interest . . .' that is required for an intervention of right," *Wal-Mart Stores*, 834 F.3d at 566, the Fifth Circuit has held that "'public spirited' civic organizations that successfully petition for adoption of a law may intervene to vindicate their 'particular interest' in protecting that law." *Id.* at 567 (citations omitted).

---

[8] The Center was granted intervention in *Am. Stewards of Liberty v. DOI*, 370 F. Supp. 3d 711, 715 (W.D. Tex. 2019) nearly 11 months after the original plaintiffs in that case filed their initial complaint. Because intervention was granted, the Center also participated in the appeal of that case, which addressed the ESA protection of the endangered bone cave harvestman. *Am. Stewards of Liberty v. DOI*, 960 F.3d 223, 228 (5th Cir. 2020).

*Center for Biological Diversity Memorandum in Support of Motion to Intervene*          11

The Center satisfies the interest requirement here because its members have recreational, aesthetic, scientific, conservation, and economic interests in the dunes sagebrush lizard. The Center's members have enjoyed and deeply value the possibility of seeing and experiencing the dunes sagebrush lizard. They have professional, scientific, and conservation interests in the species. Center member and biologist Noah Greenwald has seen the lizard in the wild, an experience which prompted him to write the Center's first petition to list the species. Greenwald Decl. ¶ 6. Center member Scott Trageser is a wildlife photographer who shoots professional images of rare wildlife in the Southwest and around the world. Trageser Decl. ¶ 5, 7-9. He has taken trips to see and photograph the lizard in west Texas and has yet to capture one on film. *Id.* ¶ 10-11. Center member Rebecca Brunner is a herpetologist with personal and professional interests in rare lizards. Brunner Decl. ¶¶ 4, 5, 7. She has also sought to observe the dunes sagebrush lizard in the wild and hopes to see one while they still exist. Brunner Decl. ¶¶ 9-10. The Center's members have plans to continue looking for the lizard in the wild. Brunner Decl. ¶ 10; Trageser Decl. ¶ 11. As these declarations indicate, the loss of the dunes lizard would harm the recreational, aesthetic, scientific, conservation, and economic interests of Center's members. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562–63 (1992) (recognizing that "the desire to use or observe an animal species, even for purely [a]esthetic purposes, is undeniably a cognizable interest for purpose of standing").

The Center also satisfies Rule 24(a)'s interest requirement because it is dedicated to conserving wildlife like the dunes sagebrush lizard and the habitats on which they depend. As discussed *infra,* the Center has advocated extensively over two decades to secure protection of the lizard, filing multiple listing petitions with the Service, participating in administrative rulemaking processes, and taking legal action when the ESA's mandatory deadlines were

25-51058.251

ignored. Greenwald Decl. ¶ 7-10. The Center's decades long advocacy for the lizard establishes a "direct, substantial, and legally protectable" interest in this proceeding. *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (reversing the district court's denial of intervention). Plaintiff seeks to overturn the very protections for which the Center successfully petitioned. Thus, the Center's interests are sufficiently related to the "transaction that forms the basis of the controversy in the case" to support intervention as of right. *Glickman*, 256 F.3d at 375.

### C. An Adverse Ruling Would Harm the Center's Interests.

The Center's interests in the protection of the dunes sagebrush lizard and its habitat will be impaired if Plaintiff succeeds in this lawsuit. In determining whether as a practical matter "the disposition of the case may impair or impede [the Center's] ability to protect [its] interest[s]," *Glickman*, 256 F.3d at 375 (citations omitted), the Court must consider the "totality of the circumstances." *Tot Power Control, S.L. v. AT&T Mobility LLC*, No. 6:21-CV-00107, 2021 U.S. Dist. LEXIS 195476, at *5 (W.D. Tex. Oct. 8, 2021) (citing *Edwards,* 78 F.3d at 1000).

A ruling for Plaintiff in this case would cause significant harm to the Center and its members' interests in maintaining protections for the dunes sagebrush lizard and its habitat. Plaintiff seeks to vacate the listing of the species under the ESA, which would eliminate critical legal protections for the lizard, directly impairing the Center's and its members' recreational, aesthetic, conservation, financial, and other interests in the lizard, as well as the Center's ability to protect those interests. *See supra*, Section I.B. In addition, a ruling for Plaintiff would undermine years of advocacy work by the Center to protect the dunes sagebrush lizard and its habitat. It would also eliminate the Center's most powerful legal tool to protect the species—the

25-51058.252

ESA—at a time when the dunes lizard population is imperiled and industrial development continues to encroach upon its remaining habitat.

If protections were removed, the Center would have to petition for listing yet again, starting the lengthy listing process over. Most likely, the dunes sagebrush lizard will slide further toward extinction, harming the Center's members' interest in observing the species in its habitat. *See generally* Trageser Decl. ¶ 10-12; Brunner Decl. ¶ 9-10, 17. Thus, this litigation, "may, as a practical matter, impair or impede [the Center's] ability to protect [its] interest[s]." *Ross v. Marshall*, 426 F.3d 745, 760 (5th Cir. 2005) (quoting *Espy*, 18 F.3d at 1207).

### D. Federal Defendants Do Not Adequately Represent the Center for Biological Diversity's Interests.

The final requirement for intervention as of right is that "the existing parties do not adequately represent the potential intervener's interest." *Glickman*, 256 F.3d at 375. The Center easily satisfies this requirement. Intervenors need only show that the current parties' representation "'*may* be' inadequate; and the burden for making that showing should be treated as *minimal*." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (emphasis added; citation omitted).

Federal Defendants have historically opposed the Center's interests in the lizard's timely and effective protection. As described above, the Center has filed multiple listing petitions and multiple lawsuits to force the Service to act on this species. In species protection cases, even where Federal Defendants and the Center are aligned on the ultimate outcome, the government rarely has the same objectives as the Center because it must balance multiple interests and

25-51058.253

stakeholders. But the risk of diversion of interests is even greater in this case because of the Trump administration's stated positions regarding energy development and species protection.[9]

To our knowledge, President Trump has not made specific comments about the dunes sagebrush lizard, but on his first day in office, in an executive order declaring a "National Energy Emergency," this administration made it easier to bypass ESA protections and directed the federal agencies to "identify obstacles to domestic energy infrastructure specifically deriving from implementation of the ESA or the Marine Mammal Protection Act, to include regulatory reform efforts, *species listings*, and other related matters with the aim of developing procedural, regulatory, and interagency improvements."[10] In a separate executive order entitled "Unleashing American Energy," President Trump called on all federal agencies to "suspend, revise, or rescind" actions that are "unduly burdensome" to energy exploration and development.[11] Interior Secretary Doug Burgum, who also oversees the Service, has issued two secretarial orders that aim to boost fossil fuel extraction over endangered species protections.[12] Most recently, on

---

[9] Before even taking office, President Trump was posting online about "an essentially worthless fish called a smelt" and later directed the Interior and Commerce Department to reduce its protections purportedly to release water to other parts of California. Benji Jones, *Why Does Trump Hate This Tiny Fish So Much?* Vox (Jan. 21, 2025), https://www.vox.com/down-to-earth/394283/los-angeles-wildfires-trump-newsom-delta-smelt. A day one presidential memo then drew a spurious connection between delta smelt protections in the San Francisco Bay and Los Angeles' catastrophic wildfires, The White House, *Putting People Over Fish: Stopping Radical Environmentalism to Provide Water to Southern California* (Jan. 20, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/putting-people-over-fish-stopping-radical-environmentalism-to-provide-water-to-southern-california/.
[10] Exec. Order No. 14,156, 90 Fed. Reg. 8,433 (Jan. 29, 2025) (emphasis added), https://www.whitehouse.gov/presidential-actions/2025/01/declaring-a-national-energy-emergency/.
[11] Exec. Order No. 14,154, 90 Fed. Reg. 8358 (Jan. 29, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/unleashing-american-energy/.
[12] U.S. DOI, *Secretary Doug Burgum Signs First Round of Secretary's Orders to Unleash American Energy* (Feb. 3, 2025), https://www.doi.gov/pressreleases/secretary-doug-burgum-signs-first-round-secretarys-orders-unleash-american-energy.

*Center for Biological Diversity Memorandum in Support of Motion to Intervene*                    15

25-51058.254

February 21, 2025, the Federal Defendants requested (and received) a 60-day extension to allow the new leadership at the Defendant agencies to "determine how they wish to respond." Agreed Motion to Extend, Dkt. No. 15.

In far less politically charged circumstances than this, courts have recognized that government agencies do not adequately represent private parties. *See Trbovich*, 404 U.S. at 538–39 (interests of government and private intervenor were not "identical" because the government "has an obligation to protect" a broader "public interest" than the interests private intervenor sought to vindicate); *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1254–56 (10th Cir. 2001) ("In litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor."); *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259–60 (11th Cir. 2002) ("We do not believe that a federal defendant with a primary interest in the management of a resource has interests identical to those of an entity with economic interests in the use of that resource.").

In this circuit, an intervenor "need not show that the representation by existing parties will be, for certain, inadequate" only that it "may" be so. *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014) (quoting *Espy*, 18 F.3d at 1207). Even if the Center and the Federal Defendants were to share the same "ultimate objective" in the lawsuit—which is by no means a given here—the "minimal" presumption of adequate representation can be overcome by showing that the intervenor's "interests diverge from the putative representative's interests in a manner germane to the case." *Entergy Gulf States La. L.L.C. v. U.S. Env't Prot. Agency*, 817 F.3d 198, 203 (5th Cir. 2016) (permitting the Sierra Club to intervene in a Freedom of Information Act lawsuit where their interests and strategy diverged from EPA's); *Texas v. United States*, 805 F.3d at 662

25-51058.255

(permitting "Jane Does" to intervene even where they shared a common objective in upholding the law at issue in the case). For these reasons, the Center has been granted intervention in prior ESA listing cases including before this very court. *Am. Stewards of Liberty v. DOI*, 370 F. Supp. 3d 711 (W.D. Tex. 2019) (conservation groups intervention granted to defend listing of the bone cave harvestman); *see also Colosi v. Charlotte County, Fla.*, No. 24-cv-1004 (M.D. Fla. filed Oct. 29, 2024) (conservation groups intervention granted to defend listing of the Florida scrub jay).

Based on its actions and statements, the Trump administration apparently views ESA listings as "obstacles to energy development" that should be removed. The Center strongly disagrees and seeks to uphold the intent of Congress in enacting the ESA "to halt and reverse the trend toward species extinction, whatever the cost." *TVA v. Hill,* 437 U.S. at 184. Given the stark divide between the Center and Federal Defendants on matters of ESA policy and energy development, and the not insignificant risk of settlement or reversal of position consonant with the administration's actions to date, intervention of right is appropriate.

**II.    Alternatively, the Court Should Grant Permissive Intervention.**

Alternatively, the Center moves for permissive intervention under Rule 24(b). Permissive intervention "is appropriate when: (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Endurance Am. Ins. Co. v. Lloyd's Syndicate 3624*, No. 3:23-CV-0133, 2023 U.S. Dist. LEXIS 75051, at *3-4 (N.D. Tex. Apr. 28, 2023) (quoting *DeOtte v. Azar*, 332 F.R.D. 173, 178 (N.D. Tex. 2019)). Permissive intervention "is wholly discretionary." *Nat'l Press Photographers Ass'n v. McCraw*, 594 F. Supp. 3d 789, 812 (W.D. Tex. 2022) (citation omitted). As shown

25-51058.256

above, the Center's motion is timely and will not cause delay or prejudice any party. And the Center seek to present defenses relevant to this case's central issue: the legality of the Service's listing and protection of the dunes sagebrush lizard under the ESA.

Permissive intervention is also warranted because the Center will contribute to the factual development of a key issue in this case: the adequacy of voluntary conservation measures for the dunes sagebrush lizard. As described above, Center has spent considerable time and resources evaluating, commenting on, and monitoring the effectiveness of these voluntary agreements, and has long disagreed with the Federal Defendants on issues related to their implementation and effectiveness. That history, particularly the failure of voluntary conservation to protect the species, is relevant. Finally, the Center's perspectives on the administration of the ESA and the value of biodiversity conservation often differ from Federal Defendants' and may assist with resolution of this case.

Courts recognize that permissive intervention may be warranted where, as here, prospective intervenors will contribute to the development of factual issues underlying a case. *See Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (intervenor applicant's capacity to "significantly contribute to full development" of factual issues may be grounds for permissive intervention); *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984) (same); *Ass'n of Conn. Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 103 (D. Conn. 2007) (granting permissive intervention to a non-profit organization in part due to its "highly relevant factual perspective"). Accordingly, permissive intervention under Rule 24(b) is warranted.

25-51058.257

## CONCLUSION

For the reasons set forth above the Center respectfully requests that this Court grant their motion to intervene as of right or, in the alternative, for permissive intervention.

DATED: March 11, 2025               Respectfully submitted,

*/s/ Colin Cox*
Colin Cox (TX Bar No. 24101653)
Center for Biological Diversity
1025 ½ Lomas NW
Albuquerque, NM 87102
Phone: (832) 316-0580
ccox@biologicaldiversity.org

Lauren A. Parker*
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, D.C. 20005
Phone: (202) 868-1008
lparker@biologicaldiversity.org

Jason C. Rylander*
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, D.C. 20005
Phone: (202) 744-2244
jrylander@biologicaldiversity.org

*Seeking admission *pro hac vice*

*Attorneys for Center for Biological Diversity*

*Center for Biological Diversity Memorandum in Support of Motion to Intervene*       19



25-51058.259

CENTER for
BIOLOGICAL DIVERSITY
2100 Franklin St., Ste 375
Oakland, CA 94612

U.S. District Clerk's Office
200 East Wall, Room 222
Midland, Texas 79701

**TAB 9**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

STATE OF TEXAS,                     )
                                    )
          *Plaintiff*,              )
     v.                             )          Case No. MO:24-CV-00233-DC
                                    )
U.S. DEPARTMENT OF THE              )
INTERIOR, ET AL.,                   )
                                    )
          *Defendants*.             )
_____    )

**Declaration of Scott Trageser**

I, Scott Trageser, declare as follows:

1.      I am a resident of Tucson, Arizona. I have been a resident for nearly 26 years.

2.      As a longtime resident of this area, I derive aesthetic, educational, moral, spiritual, conservation, and recreational benefits from the region's wildlife and the habitat on which they depend.

3.      I am a member of the Center for Biological Diversity. The Center has worked to protect and conserve wildlife for decades, and I support their objectives. The Center is a national, non-profit conservation organization incorporated in California and headquartered in Tucson, Arizona, with offices throughout the United States, including in Washington, D.C. The Center works through science, law, and policy to protect imperiled wildlife and their habitat.

4.      I attended the University of Arizona. I have a degree in biology with an emphasis in herpetology, the branch of zoology concerned with the study of amphibians and reptiles. I have also taken graduate level courses focused on biology and herpetology.

5.      I presently am a conservation biologist, consultant, and professional wildlife photographer. My photographic work is available for viewing and purchase on www.naturestills.com.

6.      From an early age, I have had an inordinate fixation with all things nature. This

25-51058.281

fascination has ended up influencing nearly every aspect of my life. It seems to have given me no foreseeable option other than to become a wildlife biologist, which in turn has led to this hobby-turn-career of being a professional wildlife photographer.

7.     Being a wildlife photographer has taken me all over the world, documenting the astonishing and little-known biodiversity that lays hidden within the undergrowth. Most people will never realize most of my subjects even exist and nor will they ever realize when they go extinct. This is my main inspiration for documenting this exotic fauna. If I don't bring it to their attention, then their silent existence or de-existence may not be fully appreciated.

8.     In addition to providing stock photography for books, magazines, and various conservation agencies I try my best to document the "feel" of the situation and subject. All too often photos do not truly capture the scene that one's eyes and brain perceive and then create as a memory. This creates an interesting challenge, one that I consider myself fortunate to attempt to overcome.

9.     I am particularly interested, both personally and professionally, in the diversity of the region in which I live. I enjoy viewing the biodiversity of the region and appreciating it. I seek out the diverse flora and fauna of the region for my own interest and as a photographic subject. I have photographed many species of mammals, amphibians, and other reptiles in the area, including bighorn sheep, western hog-nosed snake, the Texas toad, coachwhip snakes, whiptail lizards, rattlesnakes, and the bleached earless lizard.

10.     Whenever I am in the field in dunes sagebrush habitat in New Mexico and Texas, I search for the *Sceloporus arenicolus*, the dunes sagebrush lizard. The lizard inhabits sand bowls in dune shinnery oak habitat and is extremely rare. My intention is to view and photograph this unique species and observe its behavioral adaptations in the wild. Despite my efforts, so far I have never seen a dunes sagebrush lizard in the wild.

11.     I have taken three trips near Hobbs, New Mexico and the Monahan Dunes of Texas specifically hoping to photograph the dunes lizard, among other native wildlife. I plan to continue to search for the dunes sagebrush lizard and specifically intend to visit West Texas later

*Declaration of Scott Trageser*                                                                                           2

25-51058.282

this year in an attempt to observe, photograph, and appreciate the species. With continued destruction of the lizard's habitat, I firmly believe my time is more limited than ever to see one in the wild.

12.     I am concerned, however, that viewing the dunes sagebrush lizard in the wild may become even more difficult, and that I may never get the chance to see one in the wild or to engage in further scientific, educational, recreational, and professional efforts regarding the lizard.

13.     The dunes sagebrush lizard is a habitat specialist and its habitat is under threat from oil and gas development, frack-sand mining, among other things. The lizard has been a candidate for listing under the Endangered Species Act (ESA) since the 1980s and its path to eventual federal protection has been extremely arduous.

14.     The lizard was proposed for listing as an endangered species in 2010 but the U.S. Fish and Wildlife Service in June 2012 decided not to list the species based on the conservation efforts of the states of New Mexico and Texas.

15.     When it became apparent that those conservation efforts had largely failed, and that new threats to the lizard in the form of sand mining had emerged, the Center for Biological Diversity and partners on May 8, 2018, again petitioned to list the species as endangered.

16.     Under the ESA, the Department of the Interior was supposed to make a preliminary determination on the merits of a listing petition within 90-days of receipt of the petition. This is called a 90-day finding. If the finding is positive, then the Department is supposed to propose a listing within 12-months and designate critical habitat to the maximum extent practicable. But the first Trump administration refused to act on the petition, effectively denying the species the protection of the ESA.

17.     Only after the Center filed a lawsuit against the Trump administration in October 2019 did the U.S. Fish and Wildlife Service issued a positive 90-day finding. But the agency took no further action. The Center had to file another lawsuit in 2022 to force the Service to issue a 12-month finding, and on June 29, 2023, the Service announced that the lizard should be listed

*Declaration of Scott Trageser*                                                                                           3

25-51058.283

as endangered.

18.    I was delighted when on May 16, 2024, the Service finally issued a rule listing the dunes sagebrush lizard as endangered in southeastern New Mexico and west Texas. After 40 years of waiting, I was hopeful that the lizard and its habitat might be preserved and that the species might have a chance to recover.

19.    Unfortunately, that was not the end of the story. In September 2024 the State of Texas sued to have the listing overturned. After so many years of waiting for protection, it would be a travesty if the lizard's endangered listing were vacated. I have been following the plight of this species for years and very much want the opportunity to see one in the wild. If protection is removed and this byzantine listing process must start again, I may never have that chance.

20.    I am also concerned that the Trump administration, which took no action to list the lizard in its first term and has expressed a desire to expand oil and gas development in the Permian Basin, will not adequately defend the listing. Indeed, the Trump administration issued a first day Executive Order on January 20 that expressly called for the Services to review listings and other decisions that could possibly interfere with energy and economic development.

21.    Loss of federal ESA protection for the lizard injures me and others like me who care about the extinction crisis and want to see rare species like the dunes sagebrush lizard get the protections they need to survive.

22.    Extinction of the dunes sagebrush lizard would be a tragedy. I would feel a personal loss knowing that I and others might never get to see this fascinating reptile in the wild. It would also impact my work to document the wildlife of this region and connect people to nature. The dunes sagebrush lizard is a priceless part of our natural heritage, and I support efforts to see it protected.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 18th day of February 2025 in Tucson, Arizona.

*Declaration of Scott Trageser*                                                                          4

25-51058.284

25-51058.285

Scott Trageser

25-51058.285

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVIION

STATE OF TEXAS,                          )
                                         )
       *Plaintiff,*                      )
    v.                                   )        **Case No. MO:24-CV-00233-DC**
                                         )
U.S. DEPARTMENT OF THE                   )
INTERIOR, ET AL.,                        )
                                         )
       *Defendants.*                     )
_____  )

DECLARATION OF NOAH GREENWALD

I, Noah Greenwald, declare as follows:

1.     The facts set forth in this declaration are based on my personal knowledge. If called as a witness, I could and would testify competently to these facts.

2.     I am a citizen of the United States and a resident of Portland, Oregon.

3.     I have been a member and employee of the Center for Biological Diversity ("the Center") for 28 years. Since 2008, I have been the Center's Endangered Species Program Director. In this capacity, I have been responsible for monitoring the status of numerous species, including the dunes sagebrush lizard.

4.     The Center is a non-profit 501(c)(3) organization founded in 1989, with staff in Oregon, Washington, New Mexico, Arizona, Florida, Washington D.C., Minnesota, Nevada, Alaska, California, and Washington, D.C. The Center has 93,109 members and over 1.8 million online supporters who are dedicated to the preservation, protection, and restoration of biodiversity, native species, ecosystems, and public lands in North America. The Center works

25-51058.286

through science, law, and creative media to secure a future for all species, great or small, hovering on the brink of extinction. The Center and its members are concerned with the conservation of imperiled species, including the dunes sagebrush lizard, and the effective implementation of the Endangered Species Act ("ESA").

5.      The U.S. Fish and Wildlife Service ("Service") first identified the dunes sagebrush lizard as in need of Endangered Species Act listing in 1982 but failed to take action to provide such protection.

6.      In 2002, I visited dune sagebrush lizard habitat east of Roswell, New Mexico and personally observed a dune sagebrush lizard in the wild.  The lizard lives in a small corner of the largest stand of oaks in the nation.  Although only a few feet high, shinnery oaks cover a larger area in the continental U.S. than any other oak species.  Within shinnery oak, the dunes sagebrush lizard only occurs in areas where wind has carved dune faces, or sand "blow-outs." Seeing the lizard in its incredibly unique habitat was an enriching experience for my continuing quest to observe, study and enjoy the varied habitats and ecosystems of the U.S.  While visiting the dune sagebrush lizard's habitat, I observed destruction of habitat for oil and gas development.

7.      Following my visit to the lizard's habitat, the Center filed a petition with the Service to list the species as an endangered or threatened species on May 28, 2002. Rather than provide protection in response to the petition, the Service placed the lizard on a candidate list, where it was recognized as warranting protection, but not granted it for lack of resources. While the lizard waited for listing, destructive oil and gas development greatly expanded.

8.      Following litigation by the Center, the Service finally proposed protecting the dunes sagebrush lizard as an endangered species in 2010. The Center submitted extensive

*Declaration of Noah Greenwald*                                                                                                2

comments in support of this proposal. The Service, however, withdrew proposed protections in 2012 based in part on a new conservation plan from the state of Texas.

9. Following further destruction of the dunes sagebrush lizard's habitat to oil and gas development, including a new threat from mining of sand for fracking, and an admission by the Texas Comptroller's Office that the state's conservation plan was insufficient, the Center and Defenders of Wildlife submitted another petition to the Service in 2018 to protect the lizard under the Endangered Species Act. In 2024, the dunes sagebrush lizard was finally listed as an endangered species under the Endangered Species Act.

10. For the last nearly 25 years, I have tracked and monitored the status of the dunes sagebrush lizard and advocated for its protection. I have a long-term interest in the conservation and recovery of the dunes sagebrush lizard.

11. It is my belief that no wildlife species should be allowed to be driven extinct by the actions of humans and that no species should be allowed to go extinct if it can be prevented. My spiritual fulfillment comes from interacting with nature and protecting wild places, wildlife and intact native ecosystems. I believe that biodiversity has inherent value and losing the dunes sagebrush lizard would be the loss to our nation's natural heritage as well as a moral and spiritual failure of our society to protect our most vulnerable wildlife.

12. As a conservationist, I have a professional interest in protecting and recovering the dunes sagebrush lizard. The protection and recovery of the dunes sagebrush lizard is integral to my work to protect endangered species. Successful recovery of the dunes sagebrush lizard will inspire and promote similar efforts for other imperiled species.

13. In addition, the Center's ability to carry out its mission of protecting endangered species would be impaired by an adverse outcome in this case. As discussed above, the Center

*Declaration of Noah Greenwald* 3

has devoted extensive time and resources to protecting the dunes sagebrush lizard. The Center and its members are deeply concerned that the present litigation will strip the dunes sagebrush lizard of long fought protections necessary for its survival.

14. One of the Center's primary missions is to protect and restore imperiled species throughout North America. I and our many thousands of members rely upon the Center to protect endangered species, like the dunes sagebrush lizard, and their habitat.

15. The Center's interests in the dunes sagebrush lizard and its habitat will be irreparably harmed if the dunes sagebrush lizard loses protection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of February 2025, in Portland, Oregon,

_____

Noah Greenwald

*Declaration of Noah Greenwald*                                                                 4

25-51058.289

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

STATE OF TEXAS,                          )
                                         )
              *Plaintiff,*                )
        v.                               )        Case No. MO:24-CV-00233-DC
                                         )
U.S. DEPARTMENT OF THE                   )
INTERIOR, ET AL.,                        )
                                         )
              *Defendants.*               )
_____  )

**Declaration of Rebecca Brunner**

I, Rebecca Brunner, declare as follows:

1.      I am a resident of Santa Fe, New Mexico. I have lived in New Mexico for almost 3 years; before that, I lived in Texas for 2 years as a visiting scholar at Texas State University.

2.      I derive spiritual, aesthetic, educational, moral, conservation, and recreational benefits from Southwestern US wildlife and the habitats on which they depend.

3.      I am a member of the Center for Biological Diversity. The Center has worked to protect and conserve wildlife for decades, and I support their objectives. The Center is a national, non-profit conservation organization incorporated in California and headquartered in Tucson, Arizona, with offices throughout the United States, including in Washington, D.C. The Center works through science, law, and policy to protect imperiled wildlife and their habitat.

4.      I have a PhD in Environmental Science, Policy, and Management from the University of California, Berkeley. For my dissertation research, I specialized in the conservation of amphibians and reptiles (herpetofauna, 'herps' for short) and the negative impacts of habitat loss for both wildlife and local people. During my fieldwork, I discovered two frog species new to science and was co-first author on a peer reviewed publication to describe them (https://peerj.com/articles/13109/).

5.      I am currently a conservation biologist and the program director at Amphibian

25-51058.290

Ark, a conservation non-profit organization that works to save endangered herpetofauna from extinction. I find this work fulfilling, as it aligns very well with my values—namely, stewardship and respect for non-human species and the habitats that sustain them.

6. Nature is my greatest source of joy and has been since I was a child. There is simply nothing more important to me than biodiversity. I dedicate the vast majority of my time and energy to studying, appreciating, and protecting wildlife.

7. While living in Texas, I participated in herpetofauna conservation fieldwork in western and southern Texas, including in and around dunes sagebrush lizard (*Sceloporus arenicolus*) territory. We surveyed areas for various wildlife and performed more detailed analyses of tortoises. We did not find the dunes sagebrush lizard during our surveys. I was very disappointed about not seeing this species, since I have always wanted to see at least one individual in its natural habitat, and it should have been a species that we encountered.

8. I am highly interested in the biodiversity of the region in which I live. Every week, I spend time in nature, observing and enjoying all kinds of wildlife. New Mexico is home to many amazing species of birds and herps, and I frequently take trips around the region to see as many of them as I can.

9. Whenever I visit dunes sagebrush habitat in New Mexico and Texas, I search for the dunes sagebrush lizard. On road trips between Texas and New Mexico, I have also looked for the dunes sagebrush lizard. I have taken one trip in southeastern New Mexico specifically hoping to find the dunes lizard, among other native wildlife. Despite my efforts, I still have never seen a dunes sagebrush lizard in the wild.

10. I plan to continue to search for the dunes sagebrush lizard. I have specific plans to visit its habitat in Southeastern New Mexico in May to look for the dunes sagebrush lizard and local birds, and to visit the nearby Carlsbad Caverns.

11. With virtually unregulated oil and gas development in Texas and New Mexico destroying more and more of the dunes sagebrush lizard's habitat, I worry that the lizard will continue to decline and become extinct, and I will never be able to see it in the wild.

*Declaration of Rebecca Brunner*                                                                            2

25-51058.291

12.     I believe that all species have inherent value, including the dunes sagebrush lizard. I believe we have a moral obligation to keep this species alive, especially when the threat to the species is human-caused.

13.     The dunes sagebrush lizard is imperiled by habitat conversion and climate change, and it has been a candidate for listing under the Endangered Species Act (ESA) since the 1980s.

14.     The Center has long advocated for federal protection of the dunes sagebrush lizard, and I support those efforts. As with many other species, and ESA listing may be the best last hope for the lizards' recovery. I was therefore glad to see that the Fish and Wildlife Service finally added the species to the federal list of endangered species on May 16, 2024.

15.     I oppose the efforts of the state of Texas to have the listing overturned, and I am concerned that the Trump administration will not adequately defend the listing decision. Through public statements and executive orders, the Trump administration has made clear its intent to eliminate federal rules and regulations that might in some way impact energy development.

16.     Loss of federal ESA protection for the lizard harms my interests, because I care about the extinction crisis and want to see rare species like the dunes sagebrush lizard get the protections they need to survive.

17.     I believe the dunes sagebrush lizard has intrinsic value. Additionally, the decline and extinction of the dunes sagebrush lizard would be a loss to humanity as well because of its potential uses for humans. The loss of biodiversity severely limits our options for bioprospecting. Bioprospecting is the exploration of natural sources for molecules and biochemical and genetic information that could be developed into commercially valuable and sometimes life-saving products. A recent example of the potential for bioprospecting includes another amazing lizard of the southwest: a chemical found in the Gila Monster (*Heloderma suspectum*) was the source of Ozempic, a diabetes and weight-management drug used by tens of millions of people across the world in the last few years.

18.     I would mourn the loss of the dunes sagebrush lizard personally and professionally. I support efforts by the Fish and Wildlife Service to ensure the lizard is protected.

*Declaration of Rebecca Brunner*                                                                    3

And I strongly oppose Texas' attempts to undermine those efforts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28st day of February 2025 in Santa Fe, New Mexico.

_Rebecca B_____

Rebecca Brunner

_Declaration of Rebecca Brunner_                                                    4

25-51058.293

## Certificate of Service

I certify that on April 15, 2026, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon all counsel of record.

<u>S/Lauren Parker</u>

Lauren Parker